REGAN, Judge.
Plaintiff, William D. Beekendorf, the owner and operator of a 1942 Diamond T truck, instituted this suit against defendants, Armour & Company, and its insurer, Zurich General Accident & Liability Insurance Company, Ltd., endeavoring to recover the sum of $1,489.38, which represented loss of anticipated earnings $1,143.-00, because of deprivation of use of the truck and property damage of $346.33 incurred thereto on September 26th, 19S0, at 11:30 a. m. by virtue of a collision in the intersection of Fourth and ’ Rhomberg Streets near Camp Plauche,' in the Parish of Jefferson, Louisiana, with a 1940 Ford truck, owned by Armour & Company, and allegedly operated negligently by its employee, Hodges Harper.
Defendants answered and denied that the operator of their truck was guilty of any negligence in the premises and reconvened for the sum of $471.17, representing property damage and rental of a replacement truck for twelve days. In the alter *263 native, defendant pleaded the contributory-negligence of plaintiff. Upon the termination of the trial in the court, a qua, defendants voluntarily abandoned their re-conventional demand.
From a judgment in favor of plaintiff as prayed for, defendants have prosecuted this appeal.
We have observed heretofore that when an intersectional collision occurs between two" automotive vehicles, and the owners or operators thereof charge each other with negligence, we find it both logical and expedient to primarily analyze the actions of the litigant who initiated the suit, for the reason that there can be no recovery if that party, hy the exercise of due diligence and reasonable care, could have avoided the accident. Kerschner v. Blache, La.App., 52 So.2d 749. Therefore, we shall first consider the evidence as it reflects upon the actions of the plaintiff, prior to and during the course of the collision.
The record reveals the usual embellishment of disputations ad infinitum. There ■were no eyewitnesses present when the accident occurred, except, of course, the operators of both vehicles, however, there appears to be no dispute as to time, place, relative positions occupied by the vehicles at the moment of collision and that plaintiff struck the right rear wheel or end of defendant’s truck.
Plaintiff was driving about thirty miles per hour in the right traffic lane of Rhom-berg Street, in a northerly direction or away from the Mississippi River. Defendant’s truck was being driven about twenty to twenty-five miles per hour in the left traffic lane of Fourth Street, in an easterly direction or towards the City of New Orleans. The respective operators of the vehicles charge each other with excessive rates of speed, fifty to sixty miles per hour. In any event the collision occurred in the northeast corner of the intersection and when approximately t-wo-thirds of defendant’s vehicle had traversed the intersection it was struck on the right rear wheel or end thereof by the right front portion of plaintiff’s truck, causing defendant’s truck to turn over and finally come to rest on its top in Fourth Street about twenty to fifty feet from the situs of the collision.
Plaintiff testified that he was driving in Rhomberg Street “about thirty miles per hour”; that he observed the approach of defendant’s vehicle when it was about “fifty feet” from the intersection at which time he was about “ten or fifteen feet” from the intersection and “I seen he wasn’t gomg to stop or couldn’t stop * * I put my brakes on and laid down to protect my face on the wheel — and shut your eyes — well, it could have been; I couldn’t see anything with my hands over my face * * * I just shut my eyes and put my brakes on * * * I slammed on the brakes and put my face on the wheel”; that he struck defendant’s truck “on the right back comer * * * behind the wheel” at which time defendant’s “truck had passed the' center of the intersection.”
The foregoing testimony establishes as a fact that plaintiff did observe the approach of defendant’s truck, but failed to exercise precaution which was commensurate with the impending danger and which would have avoided the accident. Plaintiff knew when he was ten or fifteen feet and defendant’s operator was about fifty feet removed from the intersection, that a collision was imminent, for he testified “I seen he wasn’t going to stop or couldn’t stop” therefore, plaintiff was negligent in entering an intersection where he was. amply forewarned of the danger.
Plaintiff further evidenced his negligence when he testified “I just shut my eyes and put my brakes on.” The record reflects that plaintiff could easily have avoided the collision by steering his vehicle around the rear of defendant’s truck. Whatever the operator of a motor vehicle can observe he must observe and, in legal contemplation, he does observe. His failure to see what was easily discernible by the exercise of due diligence does not absolve him from liability.
We have accepted plaintiff’s version of the accident which, per se, convicts him of contributory negligence and effectively pre- *264 eludes his recovery, therefore, we find it unnecessary to consider the plaintiff’s -charges of negligence against the operator of defendant’s vehicle.
For the reasons assigned the judgment .appealed from is annulled, avoided and reversed and it is now ordered that there be judgment herein in favor of defendant dismissing plaintiff’s suit at his cost.
Reversed.