ALLEN, Acting Chief Judge.
This is an appeal from a judgment and sentence entered after defendant was found guilty on charges of embezzlement by a contractor and of grand larceny.
Leo J. Fiske was informed against in four counts, the first charging embezzlement by a contractor, the second charging the attainment of credit by means of a false statement, the third • charging' at *588 tainment of money by false pretense, and the fourth charging grand larceny. The trial judge directed a verdict on the third count, and the jury found defendant not guilty on the second count. Defendant was found guilty upon the remaining counts.
Count I of the information charged defendant with a violation of Section 84.07 (3), Fla.Stat, 1955, F.S.A. The general effect of this statute is to prohibit certain classes of persons from misapplying funds paid on account of the improvement of real property when there are outstanding claims for labor or materials resulting from such improvement. Said count alleged that defendant was, at all material times, “a contractor as defined by Fla. Stats., 1955, 84.01 [F.S.A.].” The mentioned statute defines a contractor as follows :
“ ‘Contractor’ means a person other than a materialman or laborer who enters into a contract with the owner of real property for improving it, or who takes over from a contractor as above defined the entire remaining work under such contract.”
We think that the evidence in this case failed to show defendant to be a contractor as above defined and, in fact, showed him not to be such a contractor.
As appears from the record in this case, one, Frank M. Kosek, contracted with Lighthouse Builders, Inc., for the construction of a residence in Broward County. Defendant signed the agreement as president of the corporation. Thereafter, Kosek made various payments under the contract and eventually moved into the home. Upon being advised that certain materialmen had not been paid by Lighthouse Builders, Inc., Kosek was apparently of the opinion that at least part of the payments made by him were misapplied by his contractor.
It may be observed from the record that Kosek was correct in this opinion, as money which he paid under his contract to the contractor to cover payments due to materialmen were, while actually paid to such materialmen by the contractor, not credited on the Kosek account but were applied by the materialmen on other accounts due by the contractor to the several materialmen on other jobs which the contractor was doing.
Be that as it may, it is apparent that the “contractor” in this case was Lighthouse Builders, Inc., not defendant. Therefore, a directed verdict should have been granted, at the conclusion of State’s evidence, by the trial judge as to Count I.
A more-difficult question is presented as to Count IV of the information which read as follows:
“And Emerson Allsworth, County Solicitor for the County of Broward, State of Florida, further charges that Leo J. Fiske on the 6th day of March, A.D.1956, in the County and State aforesaid, did obtain possession of certain property, to-wit: good and lawful money of the United States of America, over the value of Fifty Dollars ($50..00), from Frank M. Kosek, being the property of the said Frank M. Kosek by color or aid of fraudulent or false representations or pretense, to-wit: represented that greater sums of money were due the said Leo J. Fiske, doing business as Lighthouse Builders, Inc., than were payable to third parties by Lighthouse Builders, Inc., on behalf of Frank M. Kosek by virtue of a certain contract whereby Lighthouse Builders, Inc., was to improve certain real property for the said Frank M. Kosek, and the said Leo J. Fiske thereupon converted the said property to his own use or to the use of someone other than the said Frank M. Kosek, the true owner of said property.”
*589 This count was based on Section 811.021 '(1) (a), Fla.Stat., 1955, F.S.A., which provides as follows:
"(1) A person who, with intent to deprive or defraud the true owner of his property or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person:
“(a) Takes from the possession of the true owner, or of any other person; or obtains from such person possession by color or aid of fraudulent or false representations or pretense, or of any false token or writing; or obtains the signature of any person to a written instrument, the false making whereof would be punishable as forgery; or secretes, withholds, or appropriates to his own use, or that of any person other than the true owner, any money, personal property, goods and chattels, thing in action, evidence of debt, contract, or property, or article of value of any kind; % ‡ * »
Defendant attacks his conviction under Count IV of the information on the ground that said count does not charge a crime under Section 811.021, supra, in that the information failed to allege defendant committed the acts described in Count IV “with intent to deprive or defraud the true owner of his property.”
State replied to defendant’s argument by referring to Section 909.06, Fla.Stat., 1955, F.S.A., which requires a defendant in a criminal prosecution to attack certain defects in the information or indictment against him by a motion to quash. Otherwise, as the said section provides, he is deemed to have waived such defects. Therefore, State argues, since defendant herein did not move to quash Count IV, he should be deemed to have waived the defect.
Although defendant did not move to guash Count IV, he did move for a new trial upon the ground above stated and upon the ground that the trial judge did not properly instruct the jury on said issue. Under Section 920.05, Fla.Stat., 1955, F.S.A., this is permissible, provided defendant’s substantial rights have been prejudiced. Said section provides, among grounds for new trial, that the court misdirected the jury on the law or refused to give a proper instruction and, among grounds for an arrest of judgment, that the information did not charge a crime.
The problem in this case is very similar to that faced by the Supreme Court in Pittman v. State, Fla.1950, 47 So.2d 691. In that case, defendant was charged with the crime of rape. The information failed to charge an overt act, but defendant did not move to quash. The evidence in the case “did no more than mhstantiate the allegations of the information.” (Emphasis supplied.) The Supreme Court held that defendant’s motion in arrest of judgment should have been granted.
In the present case, we cannot say that the evidence “did no more than substantiate the allegations of the information.” However, we must conclude that the jury had no proper instruction on the issue of intent to defraud under Count IV.
To. summarize, it seems that in a situation where an information fails to charge a crime, the particular defendant may move to quash the charge. Failing in this, he takes a chance on the state’s supplying the defect by its evidence. But even if this occurs, that defendant is still entitled to a proper instruction on the issue thus raised by the evidence.
The only question remaining is whether defendant properly reserved, for appeal, the trial court’s error in failing to instruct as mentioned. State vigorously argues that he did not. We might agree that the procedure followed by defendant is not a model to be used in a class room, but suffice it to say that such procedure was sufficient, particularly in the present *590 case, to reserve the point for our consideration.
We are impelled to add that the able trial judge’s failure to instruct on the issue of intent may probably be traced to the failure of the State properly to allege the elements of the particular crime rather than to any failure of defendant to draw the court’s attention to the necessity for such instruction. Certainly the record in this case is replete with examples of the effort exerted by the trial judge to rule fairly and impartially on the varied legal questions raised.
Nonetheless, for the reasons stated, we must reverse the judgment and sentence herein and remand the cause for entry of a directed verdict as to Count I and an order granting a new trial as to Count IV.
Reversed.
SHANNON, J., and WARREN, LAMAR, Associate Judge, concur.