REGAN, Judge.
Plaintiffs, Marshall Rushing and his sub-rogee collision insurer, Emmco Insurance Company, instituted this suit against the defendant, Implement Dealers Mutual Insurance Company, endeavoring to recover *653 $535.86[1], representing property damage to Rushing’s automobile, incurred through the negligence of defendant’s insured, Shirley Bourquard, by virtue of a collision in the intersection of St. Claude Avenue and Music Street in the City of New Orleans.
Defendant answered and denied that its insured was negligent, and alternatively, pleaded the contributory negligence of Rushing.
From a judgment in favor of the defendant dismissing plaintiffs’ suit, they have prosecuted this appeal.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence, without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendant.
The evidence contained in the record preponderates to the effect that the accident occurred in the following manner:
Plaintiff was driving in the neutral ground lane of St. Claude Avenue toward Canal Street at a high rate of speed. As he neared the roadway where Music Street intersects St. Claude Avenue, defendant’s insured, Mrs. Bourquard, was turning her vehicle slowly into the same traffic lane in which plaintiff was proceeding. Plaintiff related that he first observed the Bourquard automobile when he was one car length removed from her, which was too late both from the standpoint of time and distance to avoid the accident. However, he conceded that his view of the place where the accident occurred had been unobstructed.
In any event, the right front fender of defendant’s vehicle collided with the left rear door of the plaintiff’s car. After the impact plaintiff’s automobile continued moving in St. Claude Avenue until it crashed into a lamppost located in the neutral ground.
Two guest passengers in plaintiff’s automobile observed the Bourquard automobile when plaintiff was at least one-half block removed from the intersection.
The foregoing factual résumé establishes that had plaintiff been maintaining a proper lookout he should have observed the defendant’s insured moving into a position of peril in time to prevent the collision.
Whatever the operator of a motor vehicle can observe he must observe, and in legal contemplation, he does observe. His failure to see what was easily discernible in sufficient time to avoid the accident does not absolve him from fault.[2] He had the last clear chance to prevent the collision, and his negligence lies in his failure to do so.
Therefore, it is unnecessary for us to consider the primary negligence of the defendant since the contributory negligence of plaintiff Rushing bars recovery.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Emmco Insurance Company, the collision insurer of Rushing, paid its insured $480.86 under the terms of a policy containing a $55 deductible clause. Rushing’s interest is $55.

. Beckendorf v. Armour & Company, La.App.1952, 56 So.2d 262; Pardue v. Norred, La.App.1957, 95 So.2d 863; Howard v. Great American Indemnity Company, La.App.1958, 106 So.2d 589.