HORTON, Chief Judge.
The appellant was charged and convicted of the crime of embezzlement pursuant to § 84.07(3), Fla.Stat., F.S.A. He appeals from the judgment of conviction and sentence.
The pertinent portion of the information reads as follows:
“ * * * that W. C. Conger, Jr. * * * then and there being a subcontractor did with intent to defraud use the proceeds of a payment * * * for some purpose other than to pay for labor or services performed or for materials furnished * *
At the trial of this cause before the court without a jury, the state affirmatively *293 proved, as disclosed by the exhibits incorporated in the record on appeal here, that the subcontract was made by Conger Plastering, Inc., a Florida corporation, with the contractor; that funds were paid by check to Conger Plastering, Inc., and deposited in the corporate account. Thereafter, the appellant drew a check to cash on the corporate account for the sum of $17,000 and received the funds thereon. The state conclusively showed that the funds paid to the corporation, as evidenced by the check from the contractor to Conger Plastering, Inc., were not used to pay charges for materials, etc., then outstanding.
The appellant argues that the statute, § 84.07(3), is directed at a certain class of persons, to-wit: architects, engineers, contractors and subcontractors, and that the state’s proof was fatally defective when it established that the appellant was not the subcontractor or any one of the class of persons described in the statute. The appellant further relies upon the case of Fiske v. State, Fla.App.1958, 106 So.2d 586.
The state contends that the appellant, being the president of the corporation, was its alter ego and since a corporation can act only through its officers and agents, the appellant should be charged, as an officer, with the personal performance of an act as the head of a corporation which gave rise to a violation of the law. In essence, the state contends that the corporate veil should be brushed aside and the appellant made responsible for his act even though it might have been in a representative capacity. It is further contended that the appellant’s conviction should not be reversed because even though it be found that he could not be charged personally for the actions which he committed as an officer of the corporation, nevertheless he should be held liable under § 776.011, Fla. Stat, F.S.A., as an aider and abettor.
Inasmuch as the statute, § 84.07(3), supra, is directed to a specific class of persons, and in view of the interpretation given to that statute in Fiske v. State, supra, we conclude that the appellant’s conviction and sentence must be reversed. In the Fiske case, he was charged as a contractor under § 84.07(3), supra, whereas the proofs at the trial conclusively showed that he was the president of a corporation that actually contracted with the owner. Under the circumstances, the District Court of Appeal reversed the conviction of Fiske and directed his acquittal on that count of the information.
In view of the controlling provisions of the statute and the construction placed thereon, the judgment of conviction and sentence should be and it is hereby reversed with directions that a judgment of acquittal be entered.
Reversed and remanded with directions.
PEARSON and CARROLL, CHAS., JJ., concur.