SACK, MARTIN, Associate Judge.
Appellant, defendant below, was tried under two counts of an information with delivering worthless bank checks. The jury found him guilty as charged under Count I of the information and, under Count II, found him guilty of the lesser included offense of delivering a check for the payment of money, knowing at the time of delivery that he had insufficient funds in the bank against which said check was drawn. The trial court adjudicated him guilty and imposed concurrent sentences of three years under Count I and one year under Count II. Appellant now appeals his judgment and sentences, alleging that there was a fatal variance between the information and the proof adduced at trial.
In an amended information, the State charged appellant with the following two counts :[1]
“COUNT I. did unlawfully draw, make, utter issue or deliver to the Capital City First National Bank, a check or draft for the payment of money, in the sum of |850.00, knowing at the time of the making, uttering, issuing, or delivering of said check or draft, that the said John Stephens did not then have sufficient funds on deposit in or credit with such bank or depository with which to pay the same on presentation, a copy of said check or draft is attached hereto and made a part hereof as Exhibit No. 1, contrary to Section 832.05, Florida Statutes.
“COUNT II. And Harry Morrison, as State Attorney aforesaid, further information makes that JOHN STEPHENS of the County of Leon and State of Florida, on the 16th day of March, 1974, in the County of Leon and State of Florida, did unlawfully draw, make, utter, issue or deliver to the Capital City First National Bank, a check or draft for the payment of money, in the sum of $875.00, knowing at the time of the drawing, making, uttering, issuing or delivering of said check or draft that the *192 said John Stephens did not then have sufficient funds on deposit in or credit with such bank.or depository with which to pay the same on presentation, a copy of said check or draft is attached hereto contrary to Section 832.05, Florida Statutes.”
At trial, the State established the following undisputed facts: The two checks referred to in Counts I and II of the amended information were delivered for deposit by appellant to the Capital City First National Bank of Tallahassee on March 6, 1974, and March 16, 1974, respectively. Both checks were corporate checks, and were drawn on International Leasing Corporation’s checking account at the Tallahassee Bank and Trust Company. Appellant, who testified that he was Chairman of International Leasing Corporation and owned 51 percent of the stock thereof, admitted signing both checks. The March 6 check was in the amount of $850.00, $800.-00 of which was deposited for credit to International Leasing Corporation’s checking account at Capital City First National, and the remaining $50.00 was returned to the defendant who stated that he used the money in his capacity as chairman of the corporation to print up daily rentals and bookkeeping ledger statements. The entire amount on the March 16 check ($875.00) was credited to International Leasing’s checking account at Capital City First National. When both checks were sent for collection to the Tallahassee Bank and Trust Company, they were marked insufficient funds and returned to Capital City First National. A senior vice-president of Capital City First National stated that, after being confronted with the checks, the appellant admitted that he knew when he wrote the checks that they were not good.
Both, at trial and on appeal, appellant has alleged that a fatal variance exists between the allegata and the probata. Specifically, both counts of the amended information under which the appellant was tried charge appellant with delivering a check knowing at the time of delivery of said check “ . . . that the said John Stephens did not then have sufficient funds on deposit in or credit with such bank . .” (Emphasis added). At trial, however, the State did not show that John Stephens had insufficient funds, but merely showed that International Leasing Corporation had insufficient funds. As noted in the amended information, appellant was charged with violations of F.S. § 832.05 which provides, in pertinent part, “it shall be unlawful for any person, firm or corporation to draw, make, utter, issue or deliver . . . ” a worthless check, knowing at the time of the drawing of the check that the “maker or drawer thereof has not sufficient funds . . . .”
This case comes under the rule announced in Long v. State, Sup.Ct.Fla.1957, 92 So.2d 259, 260, wherein the Court stated, “the general rule is where an offense may be committed in various ways, the evidence must establish it-to have been committed in the manner charged in the indictment. The Statute provides a penalty for acts in the disjunctive. The indictment or information may have alleged them in the conjunctive and proof of one would have sufficed but if one of the state of facts is alleged, it cannot be established by proof of the other.”
Thus, the State could have charged the corporation in the information and/or the defendant, acting in his corporate capacity. See State v. Shouse, Fla.App.2nd 1965, 177 So.2d 724, 727. However, the State elected to charge the appellant personally with the crime of delivering a worthless check, knowing at the time that he, personally, had insufficient funds in the bank to pay same. The State having failed to establish an essential allegation as contained in the information, appellant’s conviction must be *193 reversed. See Fiske v. State, Fla.App.2nd 1958, 106 So.2d 586 and Conger v. State, Fla.App.3rd 1961, 130 So.2d 292.
Appellant also argues that the information was defective for want of an averment that appellant acted “with an intent to defraud” and that the evidence totally failed to establish such an averment. We have no difficulty in disposing of the latter point. The cancelled checks marked insufficient funds raise a presumption of an intention to defraud. In addition, there was testimony from officers of Capital City First National Bank which indicated that the appellant admitted knowing that the checks were worthless when he made and delivered them. As to the failure of the State to allege the intent to defraud in the information, it has been held that an information which substantially follows the language of the statute in charging an offense is legally sufficient. State v. Pound, Sup.Ct. Fla.1950, 49 So.2d 521. Moreover, it has also been held in a case involving a statute which explicitly requires the State to prove the intent to defraud, that a defendant who fails to move to quash the charge when the allegation of intent to defraud is omitted, takes a chance on the State’s supplying the defect by its evidence but is entitled to a proper instruction on the issue. Fiske v. State, supra, at 589. Here, appellant failed to move to quash the charge. Since the evidence at the trial established the intent to defraud and the trial court did instruct the jury that the State had to prove the intent to defraud, appellant’s objection on this point is without merit.
Because of the fatal variance between the allegata and probata, discussed in the first part of this opinion, we reverse and order that appellant be discharged.
Reversed.
BOYER, C. J., and SMITH, J., concur.

. The amended information actually contained four counts, but the latter two were nolle prossed prior to trial.