53 So.2d 707 (1951)
LEWIS
v.
STATE.
Supreme Court of Florida, Division A.
July 24, 1951.
*708 Oxford & Oxford, Lakeland, for appellant.
Richard W. Ervin, Atty. Gen., Murray Sams, Jr. and B. Jay Owen, Assts. Atty. Gen., for appellee.
TERRELL, Justice.
Appellant was tried and convicted in the Criminal Court of Record, Polk County on an information charging that he did commit perjury in violation of Section 837.02, Florida Statutes 1949, F.S.A. This appeal is from a judgment and sentence to serve ten years in the state penitentiary.
The pertinent part of the information charged that defendant falsely swore "in the hearing of a cause in the Criminal Court of Record in and for Polk County, Florida * * *" in which the State of Florida was plaintiff and T.A. Rountree was defendant. The evidence shows that the alleged false swearing took place before the Assistant County Solicitor rather than in the hearing of a cause in the Criminal Court of Record.
The point for determination is whether or not such a difference in the allegations of the information and the proof adduced at the trial constituted a fatal variance between the allegations and the facts proven.
No principle of criminal law is better settled than that the State must prove the allegations set up in the information or the indictment. When all the proof goes to show that the alleged perjury was committed in an investigation before the Assistant County Solicitor rather than in the hearing in the Criminal Court of Record, as alleged in the information, we are convinced that such a variance is fatal to the conviction. 41 Am. Jur. Section pages 31, 32 and 57. We are not advised as to the environment in which defendant was placed, but to let down the bar of strictness in the manner shown would be conducive to looseness in criminal prosecutions that might become intolerable to due process.
It is our view that the judgment should be reversed because the State failed to prove the alleged perjured statements on which the information and the judgment of conviction were predicated.
Reversed.
SEBRING, C.J., and THOMAS and HOBSON, JJ., concur.