MANN, Judge.
The only arguable question presented on this appeal is whether Davis was immune from this prosecution for larceny after the prosecutor interrogated him, on Davis’ motion for an order declaring him to be insolvent, about the disposition of funds belonging to estates administered by Davis. Counsel for defendant sought to inquire whether the court’s ruling that the prosecutor could ask about these funds constituted an instruction that Davis “must, in fact, answer the questions.” The judge replied that it was not the court’s instruction that he answer any question in the proceeding. Counsel said, “But if he doesn’t, then, of course, the motion will be denied.” The judge replied, “I think that that’s probably a fair statement, but I don’t think in any— I don’t think in any way does this operate as any — ” whereupon the defendant asked the prosecutor, “What did you ask me, Mr. Oldham?” “You ready to answer questions, Mr. Davis?” “Yes.” And on he talked, obviously thinking himself immune.
He was mistaken. We do not condone the suggestion implicit in the prose *642 cutor’s questions that stolen money might be “available” for Davis’ defense. It certainly is not an obligation of an estate from which funds have been embezzled to finance the defense of the embezzler. But the testimony was not “required of him” within the meaning of Florida Statutes § 932.29 (1967), F.S.A. The trial judge explicitly so stated. Pressed into a halting and tentative agreement with Davis’ contention that refusal to talk would result in denial of his request for public financing of his defense, Davis interrupted the judge before he had a chance to finish talking, much less reflect upon what he had said. Then Davis began talking about the various embezzlements in which he had been involved and then claimed immunity. We cannot think this the correct interpretation of the statute. Cf. State v. Schell, Fla. App.1969, 222 So.2d 757, in which we held that codefendants cannot immunize each other by mutual deposition-taking.
Appellant relies on State v. Dayton, Fla.App. 1968, 215 So.2d 87. In that case the Third District Court of Appeal held that immunity attached where the person under investigation executed a waiver of immunity after being informed of a provision of the Code of Metropolitan Dade County providing that a county employee who refuses to waive immunity will lose his position and another provision purporting to fine such a person as much as $1,000. The defendant in that case asserted that he knew of those provisions and “waived” immunity under their compulsion. Garrity v. New Jersey, 1967, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562, holds that a state cannot compel a public employee to waive Fifth Amendment rights at the cost of his job if he refuse. Therefore, a coerced waiver is invalid. This case is different. The defendant was a lawyer, a justice of the peace and should have been aware that the trial judge was attempting to clarify his position. Had Davis allowed him to conclude his remarks on the subject he might have understood the error of his position. But Davis jumped eagerly into the testimony about the offenses charged, which was properly excluded from the trial before another judge, and in the face of warning that he was not offered immunity testified.
Affirmed.
PIERCE, Acting C. J, and McNULTY, J., concur.