LILES, Acting Chief Judge.
Appellant, the State of Florida, filed amended information No. 17,351 on March 25, 1968, charging appellee, Richard C. Davis, with two counts of larceny by public official, one count of grand larceny, and one count of uttering forged instrument. Appellee then filed a motion for a statement of particulars, which the trial judge in part granted. After having obtained the statement of particulars, appellee filed a motion to dismiss amended information No. 17,351. A hearing was held on the matter, and at the close of the hearing, but before the entry of a written order, appellant filed information No. 18,-182, charging appellee with two counts of grand larceny. Orders were then entered dismissing counts one, two and four of amended information No. 17,351 and both counts of information No. 18,182. This appeal ensued.
*714 It appears from the record that the trial judge granted the motion to dismiss counts one and two of the information in case No. 17,351 because from the information and from the bill of particulars it, affirmatively appeared that appellant had no official obligation to receive the money allegedly embezzled, an occurrence necessary for the operation of Fla.Stat. § 812.10, F.S.A.[1] Count four in case No. 17,351 and the information in case No. 18,182 were dismissed because from the dates submitted in the indictments, the statement of particulars and certain stipulations made by the state in court, it appeared that the statute of limitations had expired. Rather than questioning the substantive merits of these rulings, appellant argues that the sole test of the sufficiency of an information is whether or not it alleges a crime under the laws of this state in terms sufficiently clear to apprise the accused as to what crime with which he is charged. While this may be true, appellant has apparently overlooked the applicability of CrPR 1.190(c) (4), 33 F.S.A., which reads as follows:
“(c) Time For Moving to Dismiss. Unless the court grants him further time, the defendant shall move to dismiss the indictment, information or affidavit either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based upon fundamental grounds, every ground for a motion to dismiss which is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:

“(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant. The facts on which such motion is based should be specifically alleged and the motion sworn to.”
The Committee Note to this provision states:
“Subparagraph (4) affords a new remedy to an accused which he did not previously have. Although there is now a conclusive presumption of probable cause once an indictment or information is filed (See Sullivan v. State ex rel. McCrory, Fla., 49 So.2d 794) it is felt that this rule is necessary. Primarily, this procedure will permit a pre-trial determination of the law of the case where the facts are not in dispute. In a sense, this is somewhat similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to subsequent prosecution.” 33 Fla.Stat.Anno. p. 166.
In the author’s comment, it is said:
“Paragraph (c) (4) authorizes dismissal if there are no material disputed facts and the undisputed facts fail to establish a prima facie case of guilt against the defendant. The motion can be made at any time and such procedure is somewhat akin to summary judgment proceedings in civil actions. However, there being no judgment entered, a dismissal would not bar a subsequent prosecution.” 33 Fla.Stat.Anno. p. 168.
While we have been cited, and our research has disclosed, no cases in which this rule has been construed, its applicability here is readily apparent. Indeed, one could hardly conjure a more ideal set of circumstances for its utilization. The able trial judge, after carefully considering the two informations and the statement of particulars, found that they set forth facts that rendered the state’s case against ap- *715 pellee unmeritorious as a matter of law as to the counts dismissed, either because of the inapplicability of Fla.Stat. § 812.10 due to appellee being under no official duty in his office as justice of the peace to take possession of the goods and chattels allegedly converted under Fla.Stat. §§ 936.01-936.22, F.S.A., or because the information had been filed after the two year statute of limitation had expired. Generally, the state cannot submit proof at trial of facts at material variance with those set forth in the information, and the statement of particulars filed pursuant thereto. See, e. g., Lewis v. State, Fla.1951, 53 So.2d 707; Middleton v. State, 1917, 74 Fla. 234, 76 So. 785. Thus a trial on the counts dismissed would have been fruitless and an unnecessary expense to the public.
For the foregoing reasons the orders appealed from are affirmed.
PIERCE and MANN, JJ., concur.

. Appellant’s answer to appellee’s request for a statement of particulars stated that the offenses on counts one and two in case No. 17,351 were in violation of Fla.Stat. § 812.10, 1967, F.S.A.