MORROW, RUSSELL O., Associate Judge.
This is a consolidated interlocutory appeal by the State of Florida (appellant) from orders suppressing evidence, entered January 7, 1972, by the Circuit Court of the Ninth Judicial Circuit, Orange County, Florida.
On December 6, 1971 two separate indictments were filed in the circuit court, charging the defendant (appellee) with rape of one female on November 27, 1971 and another female on November 28, 1971. The trial court took testimony and entered a written order in each case granting defendant’s motion to suppress evidence. However, in open court the trial judge held that the “lineup” evidence was admissible. No appeal is taken as to this ruling.
The question presented is whether the search of defendant’s car was illegal.
A woman deputy sheriff interviewed the two rape victims. The victim of November 27th said she believed the car was white and appeared rusty at the front. As to the weapon she related that her assailant had a weapon in his possession, and that it was a small hand gun and very rusty at the end of the barrel. She did not see the handle of the gun. The victim of November 28th stated her assailant had a small gun with light colored handles and had placed it underneath the dash near the middle of the dashboard. She described the car as a white Ford, black interior with bucket seats and front and rear bumpers missing. She obtained the tag number of the car and gave it to the police.
The Orlando police located the car and informed the deputy sheriff who came to the car at 10:15 p. m. November 28, 1972. The car fit the description. It was parked off the road with no one in it. The area did not have a great deal of light, hardly enough to see what was in the car. The deputy contacted her station to have a wrecker service pull the car away and impound it. At 11:45 p. m. on November 28th the deputy was advised by the Orlando police that the defendant was in custody. She and another officer went to the police station and saw the defendant and then went to the wrecker service place, arriving at 12:03 a. m. November 29th; the purpose of going was to determine if the vehicle contained the weapon. It was found underneath the center of the dash. Also found was a box of .22 caliber shells in the console. The trial court held that as to the victim who gave the license number of the car there was probable cause for searching without a warrant, but suppressed evidence on the ground that the defendant was in custody when the search was made.
The record does not disclose the type of security surrounding the car at the wrecker place other than the driver of the wrecker was told by the officer that the car was not to be disturbed.
The car answering the description given by the victims and being in a dark place without a driver was sufficient cause for an immediate search. This right of search followed the car to the wrecker station, a lighter and safer place to make the search. One hour and a half elapsed from the finding of the car until the deputy was notified the defendant was in custody. During this interval the wrecker service had to be called and come to the location and tow the car away. At 11:45 when the deputy was informed the defendant was in custody the danger of his being at large was over. However, the right to search for a gun described by both victims was not over. *81 The deputy and the other officer went to the wrecker service place at 12:03 a. m. November 29, 1971, eighteen minutes after being advised that the defendant was in custody. The car was not locked and the search was made.
To get a weapon used in a crime is vital, especially where a search warrant could not be obtained for several hours. The gun could easily disappear by the hands of anyone other than the defendant, even including the wrecker service employees. The fact that the defendant is in custody does not necessarily bar a search without a warrant. Chambers v. Maroney, 1970, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, 3rd Cir., 408 F.2d 1186. Especially this is true where the time lapse is reasonably short from when probable cause to search first arose until the search was made.
The orders appealed are reversed and this cause is remanded for further proceedings not inconsistent herewith.
OWEN and MAGER, JJ., concur.