PER CURIAM:
In this Bar disciplinary proceeding, we have for review a Referee’s recommendation that the respondent, Richard C. Davis, a member of The Florida Bar, be disbarred from the practice of law in this state for misappropriating estate funds for his personal use.[1] The Board of Governors agreed with the Referee’s findings of fact and recommendation for disbarment. Neither side has filed a brief or requested a hearing, and the time period for seeking review has expired. Integration Rule 11.09, 32 F.S.A.
The findings of fact made by the Referee disclose, among other things, that the respondent became the administrator for Jesse Demchak’s estate. In the performance of his duties as administrator, the Circuit Court for Pinellas County found that respondent committed the crime of grand larceny by stealing assets of the estate. The Second District Court of Appeal affirmed the conviction in a decision reported at 233 So.2d 641, and we denied cer-tiorari in an order published at 238 So.2d 425.[2]
*486 In addition, the Referee stated that respondent in his capacity as co-administrator for the estate of Grace G. Dix had failed, notwithstanding court orders, to distribute the assets of the estate entrusted to him. Furhermore, respondent had refused to comply with another court order requiring him to deposit all monies belonging to the estate into the estate’s bank account.
Based upon these findings, the Referee recommended that:
“For his crime of larceny, of which he stands convicted, and for his failure to account, even to this time, for the assets of the Estate of Jesse Demchak coming into his possession as administrator, the Respondent be disbarred.
* * * * * *
“For his failure as administrator to account for and turn over to those entitled thereto the assets of the Estate of Grace G. Dix coming into his hands as administrator until he was actually ordered incarcerated the Respondent be disbarred.
“That the judgment of disbarment reserve unto the Respondent the rights to apply for reinstatement at such time as he has made complete restitution, paid the costs of this proceeding, and demonstrated that he can and will conduct himself properly as a member of the Bar.
“That costs be assessed against Respondent in the total amount of $2,107.-47.”
Having examined the record in this matter, we approve the findings and recommendations of the Referee. Accordingly, respondent, Richard C. Davis, is hereby disbarred from the practice of law in the State of Florida and ordered to pay the costs of these proceedings.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS and DEKLE, JJ., concur.

. By separate court order on April 28, 1969, we suspended the respondent from the practice of law pending the outcome of criminal, contempt and disciplinary proceedings against him. In another related matter, we denied respondent’s request for permission to resign from The Florida Bar. 257 So.2d 14 (Fla.1971).

. Incidentally, the present published report of the order denying certiorari at 238 So.2d 425, has an incorrect reference. The district court’s decision appears at 233 So.2d 641, instead of 234 So.2d 713. The latter citation refers to a different case involving the same person, Richard O. Davis.