303 So.2d 698 (1974)
Gerald Carlton McNEAL, Appellant,
v.
STATE of Florida, Appellee.
No. 74-756.
District Court of Appeal of Florida, Third District.
December 3, 1974.
*699 Bretan, Marks, Attias & Raskin, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Linda C. Hertz, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The defendant appeals his conviction of robbery and sentence to a term of three years in the state penitentiary.
The information charges the defendant with the robbery of Charles Kunzler on May 29, 1973, at the Tom Thumb Food Store where Kunzler is the manager, and states that the defendant did, by force, violence or putting in fear, take the subject property from Kunzler as owner or custodian thereof.
The defendant argues on appeal that the evidence adduced at trial was insufficient to establish two essential elements of robbery:
1. That the victim owned the property, and
2. That the defendant placed the victim in fear.
Although the evidence showed that the stolen property was on consignment to Tom Thumb Stores, Incorporated, Kunzler's testimony that he was the manager of the store and custodian of the property at the time of the robbery, was sufficient evidence for the trier of fact to determine that he was, in fact, the custodian as alleged in the information. Matera v. State, Fla.App. 1969, 218 So.2d 180. Kunzler's actual ownership of the property is unnecessary; the purpose of an allegation of ownership in the information is to show that the property taken belongs to another, and serves to identify the items when coupled with the description of the property. Ross v. State, Fla.App. 1969, 226 So.2d 464.
As to the element of fear, the evidence showed that another man held a gun while the defendant took merchandise and ordered Kunzler to put the money into a bag. Although the defendant contends that he did not put the victim in fear because it was not he, but rather his accomplice, who held the gun, we find this to be a tenuous argument. The trier of fact was justified in finding the element of fear present, especially in light of Kunzler's testimony that "Any time you look at a gun, you are apprehensive." Even though the defendant did not have a gun, as an aider and abettor, he was responsible for all acts committed by his accomplice. Davis v. State, Fla.App. 1973, 275 So.2d 575. See State v. Roby, Fla. 1971, 246 So.2d 566.
Therefore, the elements of custody and fear being present, and supported in the record, the conviction and sentence are hereby affirmed.
Affirmed.