MITCHELL, HENRY CLAY, Jr., Associate Judge.
Appellant Frazier, appeals his conviction of grand larceny. He raises two points on appeal, the first of which challenges the trial court’s denial of his motion to suppress certain evidence which he alleges was seized pursuant to an unlawful search. His second ground on appeal alleges insufficiency of the evidence to support the verdict.
On June 11, 1977, Laura Stevens, an employee of the Sunshine Junior Food Store in Medart, Wakulla County, Florida, noticed that some money she had placed in a pull bag was missing. Circumstances surrounding the missing money were revealed by her to the effect that Appellant had come into the store that evening and started talking to her and a co-worker. Appellant then purchased a six-pack of beer and continued to talk to the two women. He was standing in the door of the office in which Laura Stevens was securing the money. He was standing so close to her that he had to move in order for her to come out of the office and return to the counter. Laura Stevens put somewhere between $250 and $300 in the money bag. In addition, she also put an unknown amount of checks in the bag. She also testified to the denominations of the money she placed in the bag. After she put the money in the office she returned to her duties and that time Appellant left the store forgetting to take his six-pack of beer with him. She discovered the money missing within five minutes after his departure. Although she never saw Appellant actually go into the office, one could have reached the money while standing in the doorway. A search of the entire office failed to reveal the money.
While the women were in the process of calling the police, the Appellant Frazier returned to the store to buy another six-pack of beer. Laura Stevens did not confront him with the fact of the missing money because she was upset. Her co-worker wrote down the tag number of the vehicle which Frazier was driving. Hitchcock, Deputy Sheriff, investigated the report phoned in from the food store. He was given a description of Appellant and the tag number of his vehicle. Upon search he located the vehicle on Highway 319 parked on the side of the highway. Hitchcock stated that the vehicle was parked so close to the pavement of U.S. 319 that it constituted a traffic hazard. The vehicle was impounded and searched. The search revealed $225 in currency in similar denominations to the money reported stolen. He also found with the money, a scrap of paper which appeared to have come from a check. Hitchcock did not find the zippered pull bag.
Frazier testified, at his jury trial, admitting that he had been at the store and purchased the beer. However, he denied taking the money. He stated that he and a companion left the store and drove to Panacea where he and his companion shot pool and later returned a second time to the store to purchase cigarettes. He purchased the cigarettes and left the store for the second time. He stated that Laura Stevens appeared to be nervous and upset. Upon leaving the store he went to the softball field to give an ice cooler to his brother. He then drove to his home. He left his home to drive to a lounge in Panacea, but ran out of gas. He stated that he left his truck parked beside the road and caught a ride to the lounge. He denied that he had entered the office or stood in the doorway thereto, or took the bag of money. He could not explain the presence of the money found in his truck. Frazier’s companion testified that he arrived at the store with Frazier for the purpose of purchasing the beer. They returned to the softball field *748 where he joined his wife and children. He stated that he did not observe Frazier behind the counter in the store and he did not observe anyone place money in Frazier’s truck.
From the foregoing facts, it clearly appears that the search was valid. The deputy sheriff had probable cause to believe the truck contained fruits of the crime. Consequently, we find that it was proper to impound the truck and conduct the search. Even had there not been any incident at the food store, the location of the vehicle in relation to the highway justified its im-poundment. See Mattson v. State, 328 So.2d 244 (Fla. 1st DCA 1977); and State v. Sanders, 266 So.2d 79 (Fla. 4th DCA 1972).
We also find that the evidence was sufficient to support the verdict. The record reflects that the Appellant had access to the money which was discovered missing five minutes after he left the store. The amount, kind and denominations of the currency found in Appellant’s truck very closely matched the currency reported missing.
By its verdict, the jury found the Appellant’s testimony denying knowledge of the money in the truck unworthy of belief. The evidence was sufficient to sustain the finding of the jury.
For these reasons, the conviction is hereby
AFFIRMED.
SMITH, Acting C. J., and ERVIN, J., concur.