790 So.2d 468 (2001)
Avimael Antonio ROMERO, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-2260.
District Court of Appeal of Florida, Fifth District.
June 1, 2001.
James B. Gibson, Public Defender, and Anne Moorman Reeves, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, J.
Romero appeals from his conviction for robbery, raising as his sole point the state's purported failure to prove an essential element of the crime charged. Romero was charged by amended information as follows:

*469 ROMERO, on the 27th day of June, 1999, ..., did, in violation of Florida Statute 812.13(2)(a), by force, violence, assault or putting in fear, take away from the person or custody of MARK PROFITT or a Subway employee, certain property, to-wit: United States money current or a video cassette recorder, the property of MARK PROFITT or a Subway employee, as owner or custodian with the intent to temporarily or permanently deprive MARK PROFITT or a Subway employee of a right to the property or a benefit therefrom or to appropriate the property to the defendant's own use or the use of any person not entitled thereto, and in the course of committing said robbery, AVIMAEL ANTONIO ROMERO did carry a deadly weapon, to-wit: a BB or pellet gun.
At trial Jason Stahlin testified that he and Romero robbed the Subway sandwich shop. Romero knew about a security video camera and told Stahlin that they could remove the tape from the machine and take it with them. Romero and Stahlin obtained a BB/pellet gun, gloves and a different set of clothes. Stahlin picked up Romero and drove to the Subway. Romero told Stahlin that the money would be in the cash register.
As they entered through the front door, Romero pointed the BB/pellet gun at the two men standing behind the counter. One of the men wore a Subway shirt, the other did not. The two men behind the counter seemed very scared. The man who was not wearing the Subway shirt had been counting money on the counter. The money had been in a bag and consisted of paper money, loose coins and rolled coins. Romero took the money and then pulled the video camera off the wall. Stahlin and Romero left taking the money and video camera with them. As they drove off the two robbers began changing their clothes and pulled off the roadway to dispose of the incriminating evidence. Romero, however, pulled the car into a ditch where it became stuck. Stahlin threw the clothing and gloves over a tall wooden fence and the two walked to find a pay phone to call a tow truck.
Romero carried the cash taken during the robbery. As they were walking away from their disabled vehicle the police approached, ordered the two men to the ground and subsequently arrested them. Stahlin told the police what he and Romero had done and showed them the location of where they had disposed of the items used during the robbery. A wad of cash was retrieved from a bag which Romero had been carrying. A palm print taken from the sandwich shop was identified as that of Romero. The only testimony concerning Mark Profitt was that of a police investigator who testified she spoke with the two men who had been in the Subway. No further testimony was presented relative to these two men.
The defense moved for a judgment of acquittal asserting that the evidence was circumstantial and did not allow the exclusion of every reasonable hypothesis of innocence. The defense added there was no proof that either of the men in the sandwich shop was an employee of Subway, that either was the custodian of the money taken, or that the money belonged to Subway. The court denied the motion.
The jury found the defendant guilty of the lesser offense of robbery. The issue on appeal is whether the state presented sufficient evidence that property was taken by Romero from Mark Profitt or a Subway employee as owner or custodian of that property.
Robbery is defined as:
the taking of money or other property which may be the subject of larceny *470 from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
§ 812.13(1), Fla. Stat.
Actual ownership of property in the person named in the information as custodian of the property is unnecessary. See McNeal v. State, 303 So.2d 698 (Fla. 3d DCA 1974). The purpose of an allegation of ownership is to show that the property taken belongs to another. Id. Where the property is that belonging to a corporation, it is sufficient that the individual named in the information was the custodian of the property. Id. See Johnson v. State, 293 So.2d 71 (Fla.1974). The allegations of ownership of property purportedly taken in a robbery should be sufficient to establish that the property was not that of the accused, to protect the accused against a second prosecution for the same crime and to avoid misleading or embarrassing the accused in the preparation of his defense. Hunt v. State, 200 So.2d 212 (Fla. 3d DCA 1967). The allegations here meet this standard.
It is also required that the proof adduced at trial must substantially conform to the allegations of the information in order that the defendant not be prejudiced in preparation of a defense or subject to reprosecution for the same offense. See Lewis v. State, 53 So.2d 707, 708 (Fla. 1951)("No principle of criminal law is better settled than that the State must prove the allegations set up in the information or indictment"); Ross v. State, 664 So.2d 1004 (Fla. 4th DCA 1995), rev. dismissed, 695 So.2d 701 (Fla.1997); Grissom v. State, 405 So.2d 291 (Fla. 1st DCA 1981). This principle was applied in Atwell v. State, 739 So.2d 1166 (Fla. 1st DCA 1999), to invalidate an escape conviction where the court instructed the jury that the defendant could be found guilty of escape for failing "to return within the time prescribed" even though the amended information merely charged that the defendant "failed to remain within the extended limits of his confinement."
The principle is subject to several caveats. First, an objection to a variance between the allegata and probata must be raised in the trial court either by motion to dismiss or, as was done in the instant case, by motion for judgment of acquittal. Ross, 664 So.2d at 1008. Second, the variance may be deemed immaterial where it did not mislead the defendant or subject him to a substantial possibility of reprosecution for the same offense. Grissom, 405 So.2d at 292 (information charging defendant with grand theft by unlawful taking of a "cow" contained immaterial variance from proof at trial showing defendant's unlawful taking of male calf).
Romero correctly points out that the state, while alleging the taking of U.S. currency from the person or custody of "Profitt or a Subway employee ... as owner or custodian" presented no direct proof that the money on the counter which Romero took was that belonging to "Profitt or a Subway employee ... as owner or custodian." Neither Profitt nor any other Subway employee testified. The testimony only established that an unnamed man who was behind the counter but had no identification indicating he was a Subway employee was counting money on the counter when Stahlin and Romero entered and demanded said money. While it could be argued that the fact that the money consisted of paper currency, coins and wrapped coins constitutes strong circumstantial evidence that the money came *471 from the business' cash register and was not the personal property of the unidentified man, see Frazier v. State, 365 So.2d 746 (Fla. 1st DCA 1978), cert. denied, 373 So.2d 458 (Fla.1979)(evidence that denominations of currency found on defendant matched currency reported missing by food store permitted grand larceny conviction), we need not reach that contention.
The state presented direct evidence that Romero, while armed with the BB/pellet gun, ordered the two men to move away from the store's video camera, pulled the camera off the wall and left with the money and camera. Romero argues that there was no direct evidence that the camera belonged to Subway rather than to a security company, but the state was not required to prove actual ownership of the camera by Subway. McNeal. It is enough that Subway had custody of the camera and the evidence in this regard, that the camera was affixed to the shop's wall, is conclusive. Since Subway, a corporation, can only act through its employees, the allegations of the amended information relative to the camera and the evidence as to the taking of the camera by force and putting the man wearing the Subway shirt in fear were themselves sufficient to establish the crime of robbery as charged in the amended information.
AFFIRMED.
HARRIS and PALMER, JJ., concur.