CASANUEVA, Judge.
Sonny Banasik appeals his conviction for escape, alleging that the State failed to properly prove the charge. After reviewing the allegations set forth in the information and noting that the State never elected to amend the information at any point in the proceedings, we agree with Mr. Banasik’s contention and reverse.
In pertinent part, the information alleged that Mr. Banasik, “while a prisoner in the lawful custody of a law enforcement officer and while being transported to or from a place of confinement, did escape or attempt to escape from such custody,” contrary to sections 944.40 and 951.24, Florida Statutes (2002). Section 944.40 provides as follows:
Any prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, whether operated by the state, a county, or a municipality, or operated under a contract with the state, a county, or a municipality, working upon the public roads or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree....
At trial, the parties stipulated that Mr. Banasik had been convicted of an offense and had been sentenced to thirty days in the county jail, to be served on work release through the community maintenance program. Section 951.24(4), which concerns work-release programs, provides:
Any person who willfully fails to remain within the extended limits of his or her confinement or to return within the time prescribed to the place of confinement shall be deemed an escapee from custody and shall be subject to punishment as prescribed by law.
Under the terms of his work release, Mr. Banasik was permitted to work weekends at the recycling center. Deputy Pope testified that he instructed Mr. Banasik regarding the rules of the program, including the condition that work would begin at 8 a.m. and that Mr. Banasik would be transported from the Highlands County jail to the work sité and back. Both signed a consent form that contained the following language:
Any community maintenance program person who fails to remain within the extended limits of his or her confinement or to return within the time prescribed to the place of confinement (walks away from the job or fails to come back with the group) shall be deemed an escapee from custody and shall be subject to punishment as prescribed by law.
On the day alleged in the information, the crew supervisor arrived at the jail, picked the work crew up in a county van, counted the number of workers, and drove to the recycling center. Later that morning, he did a head count and found that one of the eleven workers was missing, but he knew that no one had left the van in transit. By process of elimination, the supervisor determined that Mr. Banasik was the missing person. Later that morning, Mr. Banasik was located and arrested at his Sebring residence.
*918 At the conclusion of the State’s case, defense counsel moved for a judgment of acquittal, asserting that the State had failed to prove the crime as alleged in the information. The trial court committed reversible error when it denied the motion.
“[T]he State must prove the allegations set up in the information or the indictment.” Lewis v. State, 53 So.2d 707, 708 (Fla.1951), cited with approval in Crain v. State, 29 Fla. L. Weekly S635, S637, 2004 WL 2404057, *8 (Fla. Oct. 28, 2004). “Generally, the state cannot submit proof at trial of facts at material variance with those set forth in the information.” State v. Davis, 234 So.2d 713, 715 (Fla. 2d DCA 1970). Where, as here, a crime may be committed in several ways, the evidence must establish that it was committed “in the manner charged” in the information. Long v. State, 92 So.2d 259, 260 (Fla.1957).
The evidence produced by the State did not establish that Mr. Banasik was in the custody of a law enforcement officer at the time of his alleged escape or that he escaped while being transported to a place of confinement. Instead, when viewed in a light most favorable to the State, the evidence established that Mr. Banasik arrived at the work-release program site but then left without permission or authority to do so. This evidence was at material variance with the facts alleged in the information.
Furthermore, the State never sought to amend the information to conform to the proof, even when Mr. Bana-sik’s counsel renewed the motion for judgment of acquittal at the close of the defense case. Thus, “[hjaving never even requested leave to amend the information, see Lackos v. State, 339 So.2d 217 (Fla.1976), the state was permitted to seek and may well have obtained a conviction on a theory it never pleaded.” Atwell v. State, 739 So.2d 1166, 1167 (Fla. 1st DCA 1999). The Florida Constitution guarantees that every person must be apprised of the nature of the charges he or she is facing, and thus no person may be charged with “one offense and convicted and sentenced for another, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment.” Id. at 1168 (quoting Penny v. State, 140 Fla. 155, 191 So. 190, 193 (1939)); see also Romero v. State, 790 So.2d 468 (Fla. 5th DCA 2001) (noting that not only must the variance between the charged and proved offenses be material, the defendant must raise the variance in the trial court, as by motion for judgment of acquittal).
Reversed and remanded with instructions to discharge the defendant.
FULMER and STRINGER, JJ., concur.