MAY, J.
The defendant appeals his conviction and sentence for escape in violation of section 944.40, Florida Statutes (2003). He argues the court erred in denying his motion for judgment of acquittal because the State failed to prove the crime of escape alleged in the Information. We agree and reverse his conviction and sentence.
Section 944.40, Florida Statutes (2003), under which the State charged the defendant, provides that “[a]ny prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution ... or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree .... ” The Information alleged that on “November 22, 2003 [the defendant] *277 did unlawfully, while confined in a state or county penal institution, or working upon the public roads, or being transported to or from a place of confinement, escape from such confinement, in violation of Florida Statute 944.40.” The facts presented at trial are not in dispute.
The defendant was participating in a work release program as part of his twelve year sentence. Work release participants reside at the detention center. They are permitted to travel alone to and from their respective worksites, but are not otherwise permitted to leave the worksite. On November 22, 2003, the defendant went to his worksite, but left without permission.
The defendant’s worksite supervisor reported him missing shortly after 6:10 a.m. The defendant returned to the detention center around 11:00 a.m. He advised officials that he had been at Wal-Mart and McDonalds.
At the close of the State’s case, the defendant moved for a judgment of acquittal, arguing the State failed to prove he escaped from a place of confinement. The trial court denied the motion. The jury found the defendant guilty. The trial court sentenced the defendant to fifty-four months in state prison.
The single issue raised is whether the State failed to prove the allegations of escape under section 944.40, Florida Statutes (2003), as alleged in the Information. The defendant argues the State could not establish the elements of the alleged crime because the facts failed to establish that he escaped from a place of confinement or while being transported to or from a place of confinement, pursuant to section 944.40, Florida Statutes (2003). The State responds that the worksite satisfies the statutory requirement of a “place of confinement.”
“[T]he State must prove the allegations set up in the information or the indictment.” Lewis v. State, 53 So.2d 707, 708 (Fla.1951). “Generally, the state cannot submit proof at trial of facts at material variance with those set forth in the information.” , State v. Davis, 234 So.2d 713, 715 (Fla. 2d DCA 1970). “Where ... a crime may be committed in several ways, the evidence must establish that it was committed ‘in the manner charged’ in the information.” Banasik v. State, 889 So.2d 916, 918 (Fla. 2d DCA 2004) (quoting Long v. State, 92 So.2d 259, 260 (Fla.1957)).
The [Florida] constitution ... guarantees to every accused person ... the right to know ‘the nature and cause of the accusation against him,’ and it necessarily follows that the accused cannot be indicted for one offense and convicted and sentenced for another, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment.
Atwell v. State, 739 So.2d 1166, 1167 (Fla. 1st DCA 1999) (quoting Penny v. State, 140 Fla. 155, 191 So. 190, 193 (1939)).
In Banasik, the State alleged the defendant, “while a prisoner in lawful custody of a law enforcement officer and while being transported to or from a place of confinement, did escape or attempt to escape from such custody,” in violation of section 944.40 (pertaining to the state correctional system) and 951.24(4) (pertaining to county and municipal prisoners), Florida Statutes (2002). 889 So.2d at 917. The Second District found the evidence was at material variance with the facts alleged in the Information where it simply established the defendant arrived at the work release program site, but left without permission to do so. Id. at 918. The Second District reversed and remanded with instructions to discharge the defendant.
*278 This case is directly analogous to Bana-sik. In both situations, the State charged the defendant with escape under section 944.40. However, the facts proved only that the defendants left their respective worksites without permission. These facts do not support the allegations of an escape, pursuant to section 944.40.[1] As in Banasik, the evidence in this case is at material variance with the allegations of the Information. For this reason, the defendant’s conviction and sentence are reversed.

Reversed.

STEVENSON, C.J., and WARNER, J., concur.

. The outcome may have been different had the State relied on section 945.091(4), Florida Statutes (2003), which provides:
The willful failure of an inmate to remain within the extended limits of his or her confinement or to return within the time prescribed to the place of confinement designated by the department shall be deemed as an escape from the custody of the department and shall be punishable as prescribed by law.