SWANN, Judge.
Thomas Edward White was convicted and sentenced in the Metropolitan Court of Dade County, Florida, for careless driving by failure to have his vehicle under control resulting in an accident, leaving the scene of an accident with unattended vehicles, and driving under the influence of alcohol. He appealed these misdemeanor convictions to the Circuit Court and an order of reversal was rendered in his favor. The state now seeks a writ of certiorari from the order of reversal.
The three Metropolitan Dade County Uniform traffic complaints and summons charged White with operating a certain Ford motor vehicle at “4900 S.W. 8th Street, City of Coral Gables, Dade County, Florida.”
The order of reversal stated essentially that there was a material variance when the specific location of the accident charged in the complaint and summons, differed from that which was established by the testimony of the various witnesses.
Here there is evidence that the defendant was driving his car on S.W. 8th Street at the time and date set forth in the summons and complaint. There was testimony that two cars were struck by the defendant’s car while they were parked on S.W. 8th Street. One witness testified his car was struck while parked at 5148 S.W. 8th Street, but corrected this by saying it “was just west of Granada Boulevard.” The investigating officer from the Coral Gables Police Department stated he “received a call to an accident which had occurred at the location of approximately the 4900 block of S.W. 8th Street.” The defendant drove his car east “about 150 yards” from the scene of the first point of impact.
In Cannon v. State, 91 Fla. 214, 107 So. 360, 363 (1926), which involved an indictment for manslaughter, the court said:
“While the evidence showed the deceased received the fatal injuries in the city and county, as alleged, there was a variance *885 as to the name of the street, which appears to have been called Broadway, or Dixie Highway, at that point. As the place was shown to be within the jurisdiction of the court, and as the averment of the exact location within the county was not essential to the indictment, the variance as to the name of the street or highway was immaterial; nor does it appear that the defendant was misled thereby or embarrassed in the preparation of her defense.” [Emphasis added.]
See also Hunter v. State, Fla.App.1967, 200 So.2d 577.
There was no evidence here that the defendant was misled, surprised, or embarrassed in the preparation of his defense; and we do not find that there was a fatal variance between the allegata and probata.
The writ of certiorari is hereby granted, the order of reversal is quashed and the cause remanded with directions that the judgments be affirmed.
It is so ordered.