333 So.2d 84 (1976)
Paul W. PRICE, Appellant,
v.
STATE of Florida, Appellee.
No. Y-266.
District Court of Appeal of Florida, First District.
June 9, 1976.
Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
RAWLS, Acting Chief Judge.
The question presented here is whether one who fails to timely return from a furlough from county jail may be charged with the crime of escape pursuant to Florida Statute 944.40.
Appellant was serving a one year sentence in the St. Johns County Jail for the crime of forgery. While the record lacks *85 detail, it appears that appellant was on a furlough one Sunday from the jail. As appellant explained it to the trial court, he "had a drinking problem", attended an AA meeting, "got to drinking" and "wound up in Jacksonville". Appellant failed to return to the county jail at the designated hour and was later picked up in Jacksonville by the "chief". Appellant was charged with the crime of escape, plead guilty, was adjudged guilty and sentenced to a term of five years to run consecutive to the term then being served.
Florida Statute 944.40 clearly provides that a prisoner who escapes from confinement in a county jail shall be guilty of a second degree felony. The legislature, by the adoption of Florida Statutes 945.091 and 951.24, has recognized that a prisoner may still be regarded as "confined" even though not physically present in a state or county correctional facility.
Florida Statute 945.091 relates to prisons and correctional institutions under the jurisdiction of the Department of Offender Rehabilitation. It is broad in scope, authorizing the extension of the limits of confinement for various purposes, including, generally, the visiting of places to aid in the rehabilitation of the inmate. Florida Statute 951.24 relates to county prisoners, such as appellant herein. It is narrower in scope in that it authorizes giving prisoners the privilege of leaving the jail to work or to participate in educational or vocational programs, but says nothing of other purposes. Under both statutes, failure to return to the place of confinement within the time prescribed constitutes an escape. Appellant argues that Florida Statute 945.091 is inapplicable to him because it deals with state facilities, not county jails. He also argues that Florida Statute 951.24 is inapplicable, since he was simply on furlough and not working. Therefore, he could not be charged with escape because there is no statutory provision dealing with the factual situation presented by this case.
This court declines to construe Florida Statutes 944.40 and 951.24 in a manner which would permit a county prisoner whose furlough became a "lost weekend" to remain at-large indefinitely without punishment, while subjecting a prisoner slow in returning from vocational school to be charged with the commission of a felony. Statutes must be so construed as to avoid absurd results.[1] The legislature has evinced an intent to have the phrase "escape from such confinement" given an interpretation which includes the act for which appellant was charged.
The judgment appealed is AFFIRMED.
MILLS and SMITH, JJ., concur.
NOTES
[1] Johnson v. State, 91 So.2d 185 (Fla. 1956).