573 So.2d 397 (1991)
Richard GREGORY, Appellant,
v.
STATE of Florida, Appellee.
No. 88-03430.
District Court of Appeal of Florida, Second District.
January 18, 1991.
Robert M. Focht, Land O'Lakes, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dell H. Edwards, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
On June 24, 1988, Gregory was adjudicated guilty of armed robbery and sentenced to seven years' probation with a special condition that he serve "three hundred sixty-four days in the county jail on the In-House Arrest Program." On October 14, 1988, he was charged by information that "from the 5TH day of AUGUST, 1988 to the 21ST day of AUGUST, 1988, inclusive ... then and there being a prisoner confined in a jail of the County of Hillsborough to-wit: the in house arrrest [sic] program of the Hillsborough County Jail, did escape or attempt to escape from such *398 confinement."[1]
Gregory moved to dismiss the information, contending that being restricted to his home did not constitute confinement within the purview of section 944.40, Florida Statutes (1987).[2] The trial court denied the motion, and Gregory pled no contest to the escape charge, reserving the right to appeal the issue of confinement. The state contends that Gregory was within the extended limits for confinement of county prisoners authorized by the work release statute. See § 951.24, Fla. Stat. (1987).[3] We disagree.
Section 951.24 requires that an inmate participating in a work release program shall continue "as an inmate of the county facility in which he shall be confined except during the period of his authorized release." Authorized release means those hours which are reasonable and necessary to leave the facility, travel to the place of employment, perform the work, and return to the facility. It is clearly contemplated that at all other times the inmate will be confined under the control of a corrections officer.[4] That is not the case with Gregory who was under no structured or supervised confinement. He was not "confined" within the meaning of section 944.40 and, therefore, could not escape.
This is not to say that Gregory's absence from his home could not be a proper basis for the violation of a special condition of his probation. In fact, his probation was revoked and he was sentenced to five and one-half years' imprisonment on the original charge.
The conviction is reversed and the judgment and sentence are vacated.
HALL, A.C.J., and PARKER, J., concur.
NOTES
[1] The record does not contain a detailed explanation of the "in house arrest program of the Hillsborough County Jail." Comments of the prosecutor to the court indicate that the program is a form of house arrest similar in design to community control. The authority for the program is cited as § 951.24, Fla. Stat. (1987) (work release).
[2] 944.40 Escapes; penalty.  Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes ... shall be guilty of a felony of the second degree... .
[3] 951.24 Extend the limits of confinement for county prisoners. 

(1) Any county shall be deemed to have a work-release program upon the motion of that county's board of county commissioners which shall require the concurrence of the sheriff of the county.
(2)(a) Whenever punishment by imprisonment in the county jail is prescribed, the sentencing court, in its discretion, may at any time during the sentence consider granting the privilege to the prisoner to leave the confines of the jail or county facility during necessary and reasonable hours, subject to the rules and regulations prescribed by the court, to work at paid employment, conduct his own business or profession, or participate in an educational or vocational training program, while continuing as an inmate of the county facility in which he shall be confined except during the period of his authorized release.
[4] Other forms of authorized conditional release or extended confinement are not presented in this appeal.