678 So.2d 901 (1996)
Eric S. EARLY, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 95-3135.
District Court of Appeal of Florida, Fifth District.
August 23, 1996.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy D. Wilson, Assistant Attorney General, Daytona Beach, for Appellee.
HARRIS, Judge.
The issue in this case is whether Eric S. Early was sufficiently "confined" in order to qualify as an escapee under the terms of section 944.40, Florida Statutes (1995).
After a prior conviction, Mr. Early was sentenced to 51 weeks incarceration in the county jail with the recommendation that he be placed in the Work Release Program. He was placed in that program but was subsequently transferred to the Daily Reporting Program. In this program, Mr. Early was permitted to reside at home but was required to report for work at specific times. After Mr. Early failed to report to work on schedule, he was ordered to return to the Work Release Facility by a time certain. He failed to so report and in due course was convicted of escape. He contends that he was not sufficiently confined in the Daily Reporting Program to meet the requirements of section 944.40. We disagree with Mr. Early's analysis and affirm.
We would agree with Mr. Early if the state had relied only on his failure to report to work pursuant to the requirement of the Daily Reporting Program. However, the State urges that Early's "escape" was his failure to report back to the Work Release Facility after notice. He remained throughout this period under an order of incarceration. He was released from incarceration only so long as he complied with the conditions of that release. He was, in a sense, *902 "furloughed" from the Work Release Facility so long as he reported to work as required.
Section 951.24(4), Florida Statutes (1995), provides:
Any prisoner who willfully fails to remain within the extended limits of his confinement or to return within the time prescribed to the place of confinement shall be deemed an escapee from custody and shall be subject to punishment as prescribed by law. (Emphasis added).
After Mr. Early was advised that his "furlough" had ended upon his failure to report to work as directed, his failure to timely return to the Work Release Facility constituted escape under the statute. See Price v. State, 333 So.2d 84 (Fla. 1st DCA 1976).
AFFIRMED.
COBB and W. SHARP, JJ., concur.