739 So.2d 1166 (1999)
Royce Earl ATWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4438.
District Court of Appeal of Florida, First District.
July 19, 1999.
Nancy A. Daniels, Public Defender; Paula S. Saunders, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, and James W. Rogers, Senior Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Royce Earl Atwell was convicted of escape while on work release and sentenced to twenty-five years in prison as a habitual offender. The trial judge instructed the jury that Mr. Atwell could be found guilty of escape for failing "to return within the time prescribed" even though the amended information on which he was tried had not alleged this theory of escape. We reverse and remand for a new trial.
A prisoner in the Panama City Correctional Center on work release, Mr. Atwell was authorized to leave the correctional facility to work as a mechanic. On April 8, *1167 1997, he asked his employer for permission to leave work and accompany his wife to the courthouse. After the employer stated something to the effect that he had no problem with Mr. Atwell's leaving work if the Department of Corrections did not mind, Mr. Atwell did leave the workplace with his wife. Afterwards, he called his employer and told him that he would be late returning to work.
Instead of going to the courthouse, Mr. Atwell went to his mother's house. His aunt informed the police that he was there, which occasioned a car chase that ended with his fleeing on foot when the car he was driving stalled. About nine o'clock that evening law enforcement officers discovered him under a boat in his mother's back yard.
While on work release, a prisoner may be guilty of escape in at least two different ways. Section 945.091(4), Florida Statutes (1997), provides:
The willful failure of an inmate to remain within the extended limits of his or her confinement or to return within the time prescribed to the place of confinement designated by the department shall be deemed as an escape from the custody of the department and shall be punishable as prescribed by law.
(Emphasis added.) In the amended information at issue here, the state charged (without reference to section 945.091(4), Florida Statutes (1997)), only that:
Royce E. Atwell, on or about the 8th day of April, 1997, in the County and State aforesaid, did unlawfully escape from the Panama City Community Correctional Center, while being convicted of a crime and sentenced to a term of imprisonment, under the lawful custody of the authorized officers of the Florida Department of Corrections, by virtue of being a work release prisoner, the defendant failed to remain within the extended limits of his confinement, contrary to section 944.40 Florida Statutes. (Emphasis added.) "The general rule is where an offense may be committed in various ways, the evidence must establish it to have been committed in the manner charged in the indictment." Long v. State, 92 So.2d 259, 260 (Fla.1957) (reversing conviction for aiding in escape where specific allegation that a board had been smuggled into the jail was not proven, despite ample evidence of other aid).
In the present case, the jury began its deliberations under instructions to determine whether Mr. Atwell was guilty of escape because he had "failed to remain within the extended limits of his confinement." The trial court initially denied the state's request to instruct the jury that "failing to return within the prescribed time" constituted escape, presumably because the only manner or theory of escape charged was failure "to remain within the extended limits of his confinement." This ruling preceded the trial. After the evidence was closed, however, and the jury had begun to consider its verdict, the jury requested that the instruction on escape be read again.
At this juncture, the state renewed its request that the jury be instructed that failure to return within the prescribed time constituted escape. This time, over Mr. Atwell's objection, the trial judge so instructed the jury. Having never even requested leave to amend the information, see Lackos v. State, 339 So.2d 217 (Fla. 1976), the state was permitted to seek and may well have obtained a conviction on a theory it never pleaded. See Rodriguez v. State, 694 So.2d 96 (Fla. 3d DCA 1997) (reversing the conviction of a man charged with operating a vessel while intoxicated because the jury was instructed that he could be found guilty whether he was intoxicated or simply under the influence, the statute proscribing either).
In reversing her earlier ruling, the trial judge erred. "No principle of criminal law is better settled than that the State must prove the allegations set up in the information or the indictment." Lewis v. State, 53 So.2d 707, 708 (Fla.1951). *1168 42 C.J.S. Indictments and Informations § 261 states:
"... Where a statute penalizes certain acts in the disjunctive, proof of any one of such acts under an indictment charging all of the acts conjunctively is * * * sufficient; but if the indictment alleges only one state of facts proof of the existence of another state of facts will not sustain a conviction."
See also 17 Fla.Jur. Indictments and Information §§ 94 and 95.
Jiminez v. State, 231 So.2d 26, 27 (Fla. 3d DCA 1970). See Warren v. State, 635 So.2d 122 (Fla. 1st DCA 1994). "The [Florida] constitution ... guarantees to every accused person ... the right to know `the nature and cause of the accusation against him,' and it necessarily follows that the accused cannot be indicted for one offense and convicted and sentenced for another, even though the offenses are closely related and of the same general nature or character and punishable by the same grade of punishment." Penny v. State, 140 Fla. 155, 161, 191 So. 190, 193 (1939).
The present case should be distinguished from those in which it is clear beyond reasonable doubt that a variance was immaterial because it was not such "as to mislead the accused and embarrass him or her in the preparation of a defense." Fla. R.Crim. P. 3.140(o). Compare Grissom v. State, 405 So.2d 291 (Fla. 1st DCA 1981) (upholding conviction for grand theft, upon an information alleging the unlawful taking of a "cow," despite proof of the unlawful taking of a bull calf); State v. White, 214 So.2d 884 (Fla. 3d DCA 1968) (holding that a possible 150-yard variance between site of traffic misdemeanors as alleged and site (on the same street) as proven was not material); Bradley v. State, 206 So.2d 657 (Fla. 2d DCA 1968) (holding that, where defendant admitted writing and cashing a check on a bank at which he had no account, the fact that the information alleged a middle initial (J) possibly different than the one actually on the check (J or T) was immaterial); with Penny, 140 Fla. at 162, 191 So. at 193 (reversing murder conviction as [co-] principal where defendant had been accused as accessory before the fact, despite identical punishment for principals and accessories before the fact); Rallo v. State, 726 So.2d 839 (Fla. 2d DCA 1999) (reversing conviction for lewd and lascivious act in the presence of a child where use of penis was alleged but use of hand was proven); Stephens v. State, 324 So.2d 190 (Fla. 1st DCA 1975) (reversing conviction for delivering worthless checks where information could have but failed to allege that the defendant acted "in his corporate capacity").
Under our decision in Ables v. State, 338 So.2d 1095 (Fla. 1st DCA 1976), moreover, error of the kind that occurred here is harmless where it is clear beyond reasonable doubt that evidence before the jury establishes that the offense occurred as actually alleged. Particularly given the jury's question to the court, however, we are unable to say that it is clear beyond a reasonable doubt that the jury would have convicted even without the midstream change in jury instructions.
Reversed and remanded.
DAVIS and PADOVANO, JJ., CONCUR.