RAMIREZ, J.
J.A.G. appeals his adjudication of delinquency for escape from a residential juvenile commitment facility. We reverse because he was temporarily released from the facility and simply failed to report back, which is not defined as an escape in the juvenile statutes.
J.A.G. was a resident at the Bay Point School, a private institution. On October 18, 2001, he was permitted to leave the program and go home. He was expected to return the following Sunday. J.A.G. was not located for some three and one-half weeks thereafter.
Appellee State of Florida charged J.A.G. with violating section 985.3141, Florida Statutes (2001). Although section 985.3141 does not define escape, the reference to section 944.40, Florida Statutes (2001), within that section incorporates the adult escape statute. “Escape,” as defined by section 944.40, requires flight from confinement. It does not include the failure to return from a period of temporary release. See Atwell v. State, 739 So.2d 1166 (Fla. 1st DCA 1999).
Adult prisoners may be “deemed” to have escaped by failing to return to confinement within a prescribed time. It is section 945.091, Florida Statutes (2001), that defines that offense. The juvenile escape statute at issue in this case, section 985.3141, references only section 944.40. It does not incorporate section 945.091, “failure to return” escapes.
Because there was no evidence that J.A.G. actually escaped from confinement, the trial court erred in denying the motion for judgment of acquittal because the evidence was insufficient to prove that J.A.G. committed an escape from confinement within the meaning of sections 985.3141 and 944.40. Therefore, the adjudication of delinquency and disposition must be reversed.
Reversed and remanded.