918 So.2d 400 (2006)
STATE of Florida, Appellant,
v.
Leon Erick WILLIAMS, Appellee.
No. 2D05-1770.
District Court of Appeal of Florida, Second District.
January 18, 2006.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Elba Caridad Martin, Assistant Attorney General, Tampa, for Appellant.
Ryan Thomas Truskoski of Ryan Thomas Truskoski, P.A., Orlando, for Appellee.
VILLANTI, Judge.
The State appeals the dismissal of the charge of escape against Leon Erick Williams. Because the trial court did not err in dismissing the charge, we affirm.
The undisputed material facts are that Williams was in a work release program and left the work release center to walk to his designated work location, Checkers, but did not report on time. Williams showed up at work ninety minutes late. Upon arriving at work, the police immediately arrested Williams, and the State later charged him with escape in violation of section 944.40, Florida Statutes (2004). Williams moved to dismiss the charge under Florida Rule of Criminal Procedure 3.190(c)(4), arguing that as a participant in a work release program, he was not a confined inmate under section 944.40. The trial court granted the motion to dismiss, and the State appeals.
On a motion to dismiss, the State is required to show a prima facie case. State v. Pasko, 815 So.2d 680 (Fla. 2d DCA 2002). The purpose of a motion to dismiss *401 is to allow a pretrial determination of the law of the case when the material facts are not in dispute.[1]Id. at 681. Our standard of review of the trial court's order is de novo. Id.
Florida's escape statute, section 944.40, states:
Any prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, whether operated by the state, a county, or a municipality, or operated under a contract with the state, a county, or a municipality, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree....
Section 951.24(2)(a), Florida Statutes (2004), provides that an inmate participating in a work release program shall continue "as an inmate of the county facility in which he or she shall be confined except during the period of his or her authorized release." According to Gregory v. State, 573 So.2d 397, 398 (Fla. 2d DCA 1991), "[a]uthorized release means those hours which are reasonable and necessary to leave the facility, travel to the place of employment, perform the work, and return to the facility." Gregory's definition of "authorized release" raises the question of whether Williams was on authorized release during the entire dayconsidered an escapee only upon failure to return to the facilityor on authorized release during only those periods of the day in which he was performing authorized taskstraveling to work, working, and traveling home from work. The State argues that under section 951.24 and Gregory, Williams was on "authorized release" during only the few minutes it took him to get to work; if he detoured, he was no longer on "authorized release" and thus an escapee. We disagree.
The phrase "authorized release" in section 951.24(2)(a) creates an exception to being an inmate confined in a "facility." According to the plain language of the statute, Williams is an inmate when he is confined in a facility. When Williams is released for his work day, he is no longer a confined inmate. Williams' status does not change throughout the day depending on his activities. He is not suddenly escaping from a confinement facility when he arrives at work late, regardless of the reason. Rather, Williams is on authorized release from the time he leaves the work release center to go to work until the prescribed time for his return. See § 951.24(4), Fla. Stat. ("Any prisoner who willfully fails to remain within the extended limits of his or her confinement or to return within the time prescribed to the place of confinement shall be deemed an escapee from custody and shall be subject to punishment as prescribed by law.") (emphasis added).
The Fifth District has suggested in dicta that, although failing to report back to a work release facility upon being notified to do so would subject a work release inmate to a charge of escape, the mere failure to report to work would not. Early v. State, 678 So.2d 901, 901 (Fla. 5th DCA 1996) ("We would agree with [the defendant charged with escape] if the state had *402 relied only on his failure to report to work. . . ."). We agree with the Fifth District's suggestion. Williams was not a confined inmate under sections 944.40 and 951.24 when he was released from the work release center. Because Williams was not a confined inmate when he arrived at work late, the State cannot show a prima facie case of escape, and the trial court properly dismissed the charge.
We are not saying that Williams can do as he pleases during the work day with impunity. By arriving at work late, Williams may be in violation of the rules of the work release program and his privilege to participate in the program may be withdrawn.[2] He is, however, not subject to an escape charge. Accordingly, we affirm the trial court's dismissal of the escape charge.
Affirmed.
ALTENBERND and CASANUEVA, JJ., Concur.
NOTES
[1] The State argues that there were material facts in dispute. Specifically, in its traverse, the State said that there was a dispute as to "where Defendant was when he did not arrive for work." However, Williams' reason for being late to work is not a material fact because it has no bearing on whether Williams, as a participant in a work release program, was "confined" under Florida's escape statute, section 944.40, Florida Statutes (2004). The material facts are not in dispute. Therefore, it was appropriate for the court to entertain Williams' motion to dismiss the escape charge. See Fla. R.Crim. P. 3.190.
[2] Williams was in a work release program administered by the Department of Corrections, and it would be its rules that Williams may have violated. Therefore, it would be the Department of Corrections' decision to withdraw his work release privilege. The same analysis would apply if Williams were in a work release program administered by a different entityit would be that entity's decision to withdraw the privilege of participating in the program.