MONACO, C.J.
 

 The sole issue presented to us by this appeal is whether the trial court erred in dismissing the information against the defendant/appellee, Ashler Rishaud Taylor. The State argues that its traverse specifically disputed the material facts asserted in Mr. Taylor’s motion to dismiss and was, therefore, legally sufficient to withstand the motion. We agree and reverse.
 

 Motions to dismiss in the criminal law context are governed in Florida by Florida Rules of Criminal Procedure 3.190(b) — (f). In
 
 State v. Lebron,
 
 954 So.2d 52, 54 (Fla. 5th DCA),
 
 revieiu denied,
 
 966 So.2d 967 (Fla.2007), we noted that where a defendant moves to dismiss a charge pursuant to rule 3.190(c)(4), the State in order to defeat the motion is required to demonstrate a prima facie case against the defendant, since the purpose of the motion is to allow a pretrial determination of the law of the case when material facts are not in dispute. Our review of the trial court’s order in this respect is, accordingly,
 
 de novo. See State v. Brabson,
 
 7 So.3d 1119, 1120-21 (Fla. 2d DCA 2008);
 
 State v. Williams,
 
 918 So.2d 400 (Fla. 2d DCA 2006);
 
 Crocker v. Marks,
 
 856 So.2d 1123 (Fla. 4th DCA 2003);
 
 Bell v. State,
 
 835 So.2d 392 (Fla. 2d DCA 2003). In conducting such a review we accord the State the most favorable construction of the evidence, and we resolve all inferences against the defendant. Only where the most favorable construction to the State would still not establish a prima facie case of guilt should a rule 3.190 motion to dismiss be granted.
 
 See State v. Pasko,
 
 815 So.2d 680 (Fla. 2d DCA),
 
 review denied,
 
 835 So.2d 268 (Fla.2002). Thus, this procedure is the functional equivalent of a motion for summary judgment in the civil context.
 
 See State v. Kalogeropolous,
 
 758 So.2d 110, 111 (Fla.2000). As in the case of summary judgments, a dismissal on this basis should be granted sparingly.
 
 See Brabson.
 

 Under rule 3.190(d), a motion to dismiss on the ground that there are no material disputed facts and that the undisputed facts fail to establish a prima facie case of guilt must be denied by the trial court if the State files a traverse that “with specificity” denies under oath a material fact alleged in the motion.
 
 See Boler v. State,
 
 678 So.2d 319 (Fla.1996). A general, conclusory or speculative response by the prosecution in its traverse, however, is insufficient and constitutes an admission of the facts in question.
 
 See Kalogeropolous.
 
 On the other hand, where the State’s traverse creates a dispute as to the material facts in a case, an automatic denial of the motion to dismiss must follow.
 
 See State v. Elliott,
 
 941 So.2d 567 (Fla. 1st DCA 2006).
 

 The State is not required to oppose a defendant’s motion to dismiss with “affidavit testimony” in order to avoid dismissal. A rule 3.190(d) proceeding is not designed to create a trial by affidavit, or a “dry run” of a trial on the merits.
 
 See State v. Terma,
 
 997 So.2d 1174, 1178 (Fla. 3d DCA 2008),
 
 review denied,
 
 2009 WL 2223858 (Fla. July 24, 2009);
 
 State v. Fetherolf,
 
 388 So.2d 38, 39 (Fla. 5th DCA 1980). Rather, it is sufficient for the State to file a traverse specifically denying any critical material facts alleged in the motion to dismiss, or asserting additional material facts that establish a prima facie case.
 
 See Fetherolf,
 
 388 So.2d at 39. As noted by the Florida Supreme Court, in meeting its burden of establishing a prima facie case
 
 *1000
 
 in the traverse, the State can utilize circumstantial evidence, and all inferences made are resolved in its favor.
 
 Kalogero-polous, 758
 
 So.2d at 112.
 

 In the present case a sheriffs deputy-while on patrol noticed a vehicle being driven by Mr. Taylor that had a tag light dangling down over what appeared to be a temporary tag. As the officer drove closer, he realized for various reasons that the tag was counterfeit, but primarily because the numbers were not properly illuminated. When a traffic stop was effectuated, Mr. Taylor pulled over and got out of the vehicle at the request of the officer. When Mr. Taylor handed the officer his driver’s license, however, the officer smelled the odor of burnt marijuana on the appellee’s clothing. Mr. Taylor explained that the vehicle belonged to his cousin, but conceded that he had smoked marijuana that day.
 

 After the officer recovered the temporary tag he waited for back-up to search the vehicle. He noticed at that time that the vehicle also smelled of marijuana. Once the search commenced, the officers found a blank photocopied Florida temporary tag under the front seat, along with a blank photocopy of a Florida temporary registration. In addition, the officers found a hidden compartment at the end of the center console that contained two clear plastic sandwich baggies filled with what appeared to be marijuana. A smaller pink plastic baggie inside one of the larger baggies also contained suspected marijuana. The officer believed the packaging to be consistent with street level drug sales. After a field test of the found substances proved to be positive, Mr. Taylor was arrested.
 

 The State filed a three count information against Mr. Taylor. Count 1 charged him with possession of more than 20 grams of marijuana. Count 2 was for possessing a counterfeit registration license plate or validation sticker,
 
 [1]
 
 in this case a temporary tag. Count 3 alleged possession of drug paraphernalia. Mr. Taylor filed a sworn motion to dismiss in which he asserted that the undisputed facts failed to establish a prima facie case of guilt for any of the three charged offenses. Other than the same facts alleged in the officer’s arrest affidavit, the motion stated that the “temporary tag” on the vehicle had an “issue date” three days before the arrest, and the issuing agency was “West Oaks Auto.” The motion next claimed that the “temporary tag” seized had the same VIN number as the vehicle driven by Mr. Taylor. It additionally stated that according to the arrest affidavit, the vehicle was registered to Lakeisha Baldwin who resided in Apop-ka, Florida. The motion then asserted that the suspected marijuana was not in plain view, was not in the actual possession of Mr. Taylor, and that the officer’s affidavit did not indicate that any other personal items belonging to Mr. Taylor were found in the vehicle. Further, the motion maintained that no fingerprint analysis report had been filed indicating that Mr. Taylor’s prints were on the baggies, concealed compartment, or temporary tag. Finally, it suggested that the officer’s affidavit did not indicate “any evidence a temporary tag was illegal or counterfeit.” Mr. Taylor then concluded that the undisputed facts failed to establish constructive possession of the marijuana or a counterfeit temporary tag.
 

 
 *1001
 
 The State thereafter filed a traverse/demurrer in which it admitted some paragraphs of the motion, but denied others as immaterial, untrue or disputed. More importantly, in its legal argument the State noted that when the officer moved closer to Mr. Taylor’s vehicle (having observed that the “temporary tag” did not seem to be properly illuminated), the officer saw that it lacked vehicle information, had no precut screw holes, and that the texture of the numbers resembled a photocopy. Finally, the State asserted in its traverse that the failure of the tag to be illuminated at a distance of 40 to 50 feet justified an “inspection stop” under section 316.610, Florida Statutes (2007). Once the officer smelled marijuana, the State drew the conclusion that he was entitled to detain and search the vehicle, citing
 
 Green v. State,
 
 831 So.2d 1243, 1245 (Fla. 2d DCA 2002).
 

 At the hearing on the motion to dismiss defense counsel objected to the traverse as being legally insufficient in that it allegedly did not deny the allegations of the motion “with specificity,” as required by rule 3.190(d). The defense argued that the State merely denied certain paragraphs but did not “give any reason.” The State, on the other hand, argued that “for efficiency purposes” it did not have to duplicate and rewrite all the paragraphs it disagreed with.
 

 I think it’s irrelevant for me to rewrite those paragraphs on the traverse just to make — I don’t think the rule implies that.
 

 Defense counsel maintained that the State had to actually list the facts that were in dispute and explain why they were disputed.
 

 Court: Alright. I would agree with that, that the rule is clear and it states it twice, as a matter of fact, that the State or the traverse and demurrer shall state with specificity that denies under oath the material facts alleged in the motion to dismiss. And I don’t find that a general denial that we deny these paragraphs is sufficient.
 

 The trial court then granted Mr. Taylor’s
 
 ore tenus
 
 motion to strike the traverse and subsequently granted the motion to dismiss as to all counts. This appeal followed.
 

 The State contends that its traverse sufficiently disputed the material facts alleged by Mr. Taylor when it specifically listed the paragraphs it took issue with, and then articulated in its “argument” section the specific facts that disputed many of the facts listed by Mr. Taylor. The State argues that in its totality — including the argument section — the traverse created a prima facie case. The State’s position in this regard is valid.
 

 For example, Mr. Taylor posits in his motion that the deputy believed the tag was counterfeit and based on this belief, he conducted a traffic stop. Additional factual information provided by the State’s traverse, however, suggested that the tag was not “clearly legible” or clearly illuminated at a distance of 40 to 50 feet, and that this justified an investigatory/inspection stop (to assess the tag light’s functioning condition). The traverse also asserts that when the temporary tag was more closely inspected, it did not have the required specific vehicle information. These additional facts clearly dispute Mr. Taylor’s allegations concerning the validity of the stop.
 

 The State’s traverse also alleges that the officer smelled the odor of burnt marijuana on Mr. Taylor’s clothing, and that Mr. Taylor admitted to smoking marijuana “that day.” The presence of the strong odor of marijuana and admission by Mr. Taylor appears to provide sufficient circumstantial evidence to give rise to a primary inference of knowledge and ability to control the marijuana found in the vehicle.
 

 
 *1002
 
 We thus agree that when viewed as a whole, the traverse presents the required prima facie case. We note that the traverse is, frankly, confusing, and we certainly understand how the trial court may have been misled by the format that the State chose to use. Still, the disputed facts are discernable, and given that the State can use circumstantial evidence in its traverse, and that all inferences are resolved in its favor, we conclude that the State met its burden.
 
 See Kalogeropolous,
 
 758 So.2d at 112.
 

 In considering a motion to dismiss the trial judge may not try or determine factual issues, nor consider the weight of conflicting evidence or the credibility of witnesses.
 
 See State v. Lewis,
 
 463 So.2d 561, 563 (Fla. 2d DCA 1985). Thus, even if the trial court doubts the sufficiency of the State’s evidence, it may not grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal.
 
 See State v. Paleveda,
 
 745 So.2d 1026, 1027 (Fla. 2d DCA 1999). Whether the State’s evidence excludes Mr. Taylor’s reasonable hypothesis of innocence on each of the counts may only be decided at trial after all the evidence has been presented.
 
 See State v. Ortiz,
 
 766 So.2d 1137, 1142 (Fla. 3d DCA 2000). Here, the material factual allegations within the four corners of the traverse meet the minimum requirements of a prima facie case with respect to all of the charges.
 

 REVERSED.
 

 GRIFFIN and SAWAYA, JJ„ concur.
 

 [1]
 

 . Section 320.26, Florida Statutes (2007) states that no person shall counterfeit registration license plates or have in his possession any such plates; nor shall any person manufacture, sell, or dispose of registration plates without first obtaining the permission of the Department in writing.