PER CURIAM.
 

 This appeal is filed pursuant to
 
 Anders v. California,
 
 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Finding no error by the trial court, we affirm Appellant’s judgment and sentence for escape from a county work release program.
 

 Appellant was charged with escape when he failed to return to the Escambia County work release center at the appointed time. He moved to dismiss the charge arguing he did not have sufficient notice that he risked a 15-year prison term for not timely returning to the center. The trial court correctly denied the motion because Appellant had signed paperwork pri- or to starting work release notifying him he faced a penalty of up to 15 years in prison for escape. Even if the paperwork
 
 *528
 
 did not specifically reference section 944.40, Florida Statutes, which sets forth the punishment for escape, Appellant was sufficiently on notice he could go to prison for escaping while on work release.
 

 Following the court’s denial of Appellant’s motion to dismiss, the state moved in limine to preclude Appellant from arguing to the jury that he could not be guilty of escape because he was not confined while on work release. In granting the state’s motion, the trial court again ruled correctly. Section 951.24, Florida Statutes, which authorizes county work release programs, states that “[a]ny prisoner who willfully fails to remain within the extended limits of his or her confinement
 
 or to return within the time prescribed to the place of confinement
 
 shall be deemed an escapee from custody and shall be subject to punishment as prescribed by law.” § 951.24(4), Fla. Stat. (2008) (emphasis added). Appellant’s purported defense is flatly contradicted by the plain language of the statute, and thus, contrary to law.
 
 See Early v. State,
 
 678 So.2d 901 (Fla. 5th DCA 1996) (appellant’s failure to timely return to work release facility constituted escape under section 951.24(4), Florida Statutes).
 

 AFFIRMED.
 

 HAWKES, C.J., PADOVANO and MARSTILLER, JJ., concur.