LAMBERT, J.
The State of Florida appeals the trial court’s order dismissing the amended information charging Appellant, Claudio J. Poillot, with escape. Concluding that the undisputed material facts are legally sufficient to withstand a motion to dismiss, we reverse.
Poillot is a prisoner in the custody of the State of Florida Department of Corrections (“DOC”) and was a participant in a work-release program, which permitted him to work outside of the correctional facility from 6:00 a.m. to 6:00 p.m. On July 29, 2014, he left the Kissimmee Community Work Release Center and timely reported to work at JS & Son Construction. Shortly thereafter, Poillot left his place of employment -without permission and was unaccounted for until he timely returned to the work-release center before 6:00 p.m., at which time he was placed under arrest for escape.
In the amended information, the State alleged that Poillot “did, in violation of Florida Statute 944.40, while a prisoner confined in any prison, jail, road camp or other penal institution, to-wit: Kissimmee Community Work Release Center or JS & Son Construction, unlawfully escape, or attempt to escape, from such confinement and go at large with intent to avoid lawful confinement.” In pertinent part, section 944.40, Florida Statutes (2014), provides as follows:
Any prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, whether operated by the state, a county, or a municipality, or operated under a contract with .the state, a county, or a municipality, working upon the public, roads, or being transported to of from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree....
§ 944.40, Fla. Stat. (2014).
Pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), Poillot filed a motion to dismiss, arguing that even though he “deviated from his work assignment,” he *1072 was not “confined” during the 12 hours he was released to work in the work-release program, and therefore, the State was unable to establish a prima facie case of escape under the undisputed facts. In response, the State filed two traverses to the motion, asserting that Poillot was no longer on authorized work release because his unauthorized departure from employment at approximately 6:10 a.m. that day resulted in both his termination from employment by his employer and later revocation of his work release by the DOC, all of which occurred prior to Poillot’s return to the work-release facility.[1] In the alternative, the State argued that even if Poillot was on authorized release, he was still confined when he left his employment because the work-release program .was an extension of his confinement. After a hearing on the motion to dismiss, the trial court ultimately granted Poillot’s motion.
The standards we apply in reviewing a motion to dismiss filed pursuant to rule 3.190(c)(4) are as follows:
[T]he State in order to defeat the motion is required to demonstrate a prima facie case against the defendant, since the purpose of the motion is to allow a pretrial determination of the law of the case when material facts are not in dispute. Our review of the trial court’s order in this respect is, accordingly, de novo. In conducting such a review we accord the State the most favorable construction of. the evidence, and we resolve all inferences against the defendant. Only where the most favorable construction to the State would still not establish a pri-ma facie case of guilt should a rule 3.190 motion to dismiss be granted. Thus, this procedure is the functional equivalent of a motion for summary judgment in the civil context. As in the case of summary judgments, a dismissal on this basis should be granted sparingly.
State v. Taylor, 16 So.3d 997, 999 (Fla. 5th DCA 2009) (citations omitted). Additionally, the trial court “may not grant a motion to dismiss criminal charges simply because it concludes that the case will not survive a motion for judgment of acquittal.” Id. at 1002 (citing State v. Paleveda, 745 So.2d 1026, 1027 (Fla. 2d DCA 1999)).
In determining whether the State sufficiently demonstrated a prima facie case of escape under section 944.40 in the context of this case, we must also examine section 945.091, Florida Statutes (2014), which authorizes the DOC to extend the limits of a prisoner’s confinement. This statute provides in pertinent part:
(1) The department may adopt rules permitting the extension of the limits of the place of confinement of an inmate as to whom there is reasonable cause to believe that the inmate will honor his or her trust by authorizing the inmate, under prescribed conditions and following investigation and approval by the secretary, or the secretary’s designee, who shall maintain a written record of such action, to leave the confines of that place unaccompanied by a custodial agent for a prescribed period of time to:
[[Image here]]
(b) Work at paid employment ... while continuing as an inmate of the institution or facility in which the inmate is confined, except during the hours of his or her employment, education, training, or service and traveling thereto and therefrom....
[[Image here]]
*1073 (4) The willful failure of an inmate to remain within the extended limits of his or her confinement or to return within the time prescribed to the place of confinement designated by the department shall be deemed as an escape from the custody of the department and shall be punishable as prescribed by law.
§ 945.091, Fla. Stat. (2014).[2]
“The language in [subsection (l)(b) ] shows that work release is merely an extension of the limits of the place of confinement.” Thomas v. DOC, 159 So.3d 291, 292 (Fla. 1st DCA 2015); see also Price v. State, 333 So.2d 84, 85 (Fla. 1st DCA 1976) (“The Legislature, by the adoption of Florida Statutes 945.091 and 951.24, has recognized that a prisoner may still be regarded as ‘confined’ even though not physically present in a state or county correctional facility.”).[3] As such, under section 945.091, an inmate on authorized work release can still be guilty of escape under section 944.40 in at least two different ways: (1) by willfully failing to remain within the extended limits of his or her confinement; or (2) by willfully failing to return within the time prescribed to the place of confinement. Atwell v. State, 739 So.2d 1166, 1167 (Fla. 1st DCA 1999).
Here, Poillot essentially argues that once he leaves the work-release center and timely reports to his employer in the work-release program, he is free to deviate from his work-release employment during his entire 12-hour work period and cannot be found guilty of escape unless he fails to return to the work-release facility on time. Conversely, if Poillot’s argument was true, a separate prisoner on the same 12-hour work-release program who timely reports to work and then “deviates” from his or her extended limits of confinement, but unlike Poillot, returns late to the work-release facility may be properly charged with escape. We decline to adopt Poillot’s interpretation of the statute, as it essentially renders the first option under section 945.091(4) meaningless. See Reeves v. State, 957 So.2d 625, 629 (Fla.2007) (“It is a fundamental rule of construction that statutory language cannot be construed so as to render it potentially meaningless.” (quoting Ellis v. State, 622 So.2d 991, 1001 (Fla.1993))); see also Larimore v. State, 2 So.3d 101, 106 (Fla.2008) (noting that “[related statutory provisions must be read together to achieve a consistent whole, and ... [w]here possible, courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another.” (alterations in original) (internal quotation marks omitted) (quoting Heart of Adoptions, Inc. v. J.A., 963 So.2d 189, 199 (Fla.2007))); Lewis v. Mosley, 204 So.2d 197, 201 (Fla.1967) (stating that “statutory enactments [ ] are to be interpreted so as to accomplish rather than defeat their purpose”). Under Poillot’s interpretation, the only way to violate section 944.40 when on work release is to fail to return to the place of confinement within the time prescribed, which is simply not true. See Atwell, 739 So.2d at 1167. Here, the work-release program was an extension of Poillot’s confinement, and his deviation from the program in the manner asserted by the State establishes a prima facie case for escape. See id. We therefore find that the trial court erred in dismissing the amended information. Accordingly, we reverse the order on appeal and remand this cause for *1074 farther proceedings consistent with this opinion.[4]
REVERSED and REMANDED.
ORFINGER and BERGER, JJ., concur.

. The DOC also conducted an extensive manhunt to apprehend Poillot but was unable to locate him prior to his return.

. The DOC adopted rules permitting the extension of the limits of the place of confinement. See Fla. Admin. Code R. 33-601.602 (2014).

. Section 951.24, Florida Statutes, addresses the extension of the limits of confinement for county prisoners.

. We acknowledge that because the crime of escape may be committed in more than one way, the evidence at trial must establish that it was committed in the manner charged in the information. Long v. State, 92 So.2d 259, 260 (Fla.1957). Here, Poillot has not challenged a lack of factual specificity in the amended information or that the State did not include section 945.091, Florida Statutes, in its charging document, nor has he asserted that he has been prejudiced based on how the crime in the amended information was alleged to have occurred. Rather, Poillot argued that under the facts construed in the light most favorable to the State, he cannot be guilty of escape and, therefore, according to him, the charge was properly dismissed.