# Supreme Court of Florida

_____

No. SC15-1691
_____

**CLAUDIO J. POILLOT,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[September 8, 2016]

POLSTON, J.

Claudio J. Poillot seeks review of the decision of the Fifth District Court of Appeal in State v. Poillot, 173 So. 3d 1070 (Fla. 5th DCA 2015) (holding that deviation from work release program establishes a prima facie case for escape), on the ground that it expressly and directly conflicts with the decision of the Second District in State v. Williams, 918 So. 2d 400 (Fla. 2d DCA 2006) (holding that deviation from work release program does not establish a prima facie case for escape), on a question of law.[1]  For the reasons described below, we approve the

_____

1.  We have jurisdiction.  See art. V, § 3(b)(3), Fla. Const.

decision in Poillot and disapprove of the decision in Williams to the extent it is inconsistent with this decision.

## I.  BACKGROUND

Claudio J. Poillot was convicted of a felony and sentenced to 48 months in the State of Florida Department of Corrections ("DOC").  On the date of the instant offense, July 29, 2014, Poillot was in state custody housed at the Kissimmee Community Center.  As part of a work release program, Poillot began employment with a construction company, JS & Son Construction Services.  The work release program permitted Poillot to work outside of the correctional facility from 6:00 a.m. to 6:00 p.m., Monday through Saturday.  Poillot, 173 So. 3d at 1071.  "On July 29, 2014, he left the Kissimmee Community Work Release Center and timely reported to work at JS & Son Construction.  Shortly thereafter, Poillot left his place of employment without permission and was unaccounted for until he timely returned to the work release center before 6:00 p.m., at which time he was placed under arrest for escape."  Id. at 1072.

Poillot was charged by amended information with escape pursuant to section 944.40, Florida Statutes.  Subsequently, Poillot filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4).  Id. at 1071-72.  After a hearing on the motion, the trial court granted Poillot's motion to dismiss, and the State timely appealed.  Id.

The Fifth District reversed, "[c]oncluding that the undisputed material facts are legally sufficient to withstand a motion to dismiss." Id. at 1071. "In determining whether the State sufficiently demonstrated a prima facie case of escape under section 944.40 in the context of this case, [the Fifth District] also examine[d] section 945.091, Florida Statutes (2014), which authorizes the DOC to extend the limits of a prisoner's confinement." Id. at 1072. The Fifth District discussed that the language in section 945.091(1)(b) shows that work release is merely an extension of the place of confinement, so that a prisoner may still be regarded as "confined" even though not physically present in a state or county correctional facility. Id. at 1073. The Fifth District concluded that "the work-release program was an extension of Poillot's confinement, and his deviation from the program in the manner asserted by the State establishes a prima facie case for escape." Id. Therefore, the Fifth District found that "the trial court erred in dismissing the amended information." Id.

## II. ANALYSIS

Poillot argues that he was absent from work, not escaping from confinement as contemplated by the applicable statute. Additionally, Poillot argues that the Fifth District's statutory interpretation violates due process and the applicable statute should be construed as requiring either knowledge or notice in order to sustain an escape charge. Specifically, he argues that even though he may have

been in violation of the rules of the work release program when he left his place of employment without permission, and his privilege to participate in the program may have been withdrawn, he still must have been aware of or notified of his termination from employment or revocation from the work release program in order to sustain the charge of escape. We disagree.[2]

Section 944.40, Florida Statutes, provides that a prisoner who escapes confinement commits a second-degree felony:

> Any prisoner confined in any prison, jail, private correctional facility, road camp, or other penal institution, whether operated by the state, a county, or a municipality, or operated under a contract with the state, a county, or a municipality, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement commits a felony of the second degree . . . .

§ 944.40, Fla. Stat. (2014).

Additionally, section 945.091, Florida Statutes, authorizes the DOC to extend the limits of a prisoner's confinement:

> (1) The department may adopt rules permitting the extension of the limits of the place of confinement of an inmate as to whom there is reasonable cause to believe that the inmate will honor his or her trust by authorizing the inmate, under prescribed conditions and following investigation and approval by the secretary, or the secretary's designee, who shall maintain a written record of such action, to leave the confines of that place unaccompanied by a custodial agent for a prescribed period of time to:

---

2. Our standard of review is de novo. See Hopkins v. State, 105 So. 3d 470, 472 (Fla. 2012).

. . .

> (b) Work at paid employment, participate in an
> education or a training program, or voluntarily serve a
> public or nonprofit agency or faith-based service group in
> the community, while continuing as an inmate of the
> institution or facility in which the inmate is confined,
> except during the hours of his or her employment,
> education, training, or service and traveling thereto and
> therefrom. . . .

 . . .

(4) The willful failure of an inmate to <u>remain within the extended limits of his or her confinement or to return within the time prescribed to the place of confinement</u> designated by the department shall be deemed as an escape from the custody of the department and shall be punishable as prescribed by law.

§ 945.091, Fla. Stat. (2014) (emphasis added).

Under section 945.091(4), an inmate on authorized work release can be guilty of escape under section 944.40 in at least two different ways: (1) by willfully failing to remain within the extended limits of his or her confinement; or (2) by willfully failing to return within the time prescribed to the place of confinement. See Atwell v. State, 739 So. 2d 1166, 1167 (Fla. 1st DCA 1999).

In this case, pursuant to section 945.091, the work release program was an extension of the limits of Poillot's confinement, and he was still confined when he was working as part of a work release program at JS & Son Construction. See § 945.091(1)(b), Fla. Stat. When Poillot left his place of employment without permission, he willfully failed to remain within the extended limits of his

- 5 -

confinement and would be guilty of escape pursuant to one of the manners described in section 945.091(4). Additionally, contrary to Poillot's assertion, Poillot need not be aware of the changed conditions of his employment status with the work release program in order to sustain an escape charge. As explained earlier, an escape charge requires (1) willfully failing to remain within the extended limits of his confinement, or (2) willfully failing to return within the time prescribed to the place of confinement. § 945.091(4), Fla. Stat. Poillot's knowledge that he was actually terminated from JS & Son Construction after leaving without permission does not change the fact that he willfully escaped from confinement, as defined by statute.

Accordingly, pursuant to the applicable statutes, an inmate is still confined when he is working as part of a work release program, and leaving without permission would subject the inmate to a charge of escape.

### III. CONCLUSION

We approve the decision in <u>Poillot</u> and disapprove of the decision in <u>Williams</u> to the extent it is inconsistent with this decision.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal - Direct Conflict of Decisions

Fifth District - Case No. 5D15-353

(Osceola County)

James S. Purdy, Public Defender, and Steven Neale Gosney, Assistant Public Defender, Seventh Judicial Circuit, Daytona Beach, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, Tallahassee, Florida; Wesley Harold Heidt, Bureau Chief, and Kristen Lynn Davenport, Assistant Attorney General, Daytona Beach, Florida,

for Respondent