IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE OF FLORIDA,

       Appellant,

v.

                                      Case No.  5D21-2624
                                        LT Case No. 2021-CF-004934-O

TARVIS LORRAINE WILLIAMSON,

       Appellee.

_____/

Opinion filed September 23, 2022

Appeal from the Circuit Court
for Orange County,
Patricia Strowbridge, Judge.

Ashley Moody, Attorney General,
Tallahassee, and Pamela J. Koller,
Assistant Attorney General, Daytona
Beach, for Appellant.

Matthew J. Metz, Public Defender,
and Ryan Belanger, Assistant Public
Defender, Daytona Beach, for
Appellee.

SASSO, J.

The State appeals the order granting Tarvis Lorraine Williamson's motion to dismiss count one of the information for aggravated assault with a deadly weapon, contending the lower court erroneously concluded there was no disputed issue of material fact. We agree because the evidence presented by the State created a disputed factual issue sufficient to establish a prima facie case of guilt against Williamson. As a result, we reverse.

On or about April 29, 2021, Officer Daniel Glidden and Sergeant Rodney Vance responded to a call from Williamson's sister, where she requested to have Williamson trespassed from her apartment. Central to the issue raised[1] in the State's appeal is bodycam footage depicting the events following the officers' arrival to the residence.

The footage depicts Officer Glidden speaking with Williamson's sister when Williamson leaves the apartment with his hands full of various personal items. Approximately one minute later, Williamson walks back toward the apartment and the officer. Just after the officer asks Williamson's sister if Williamson has a gun on him, Williamson pulls what appears to be a gun from his pocket. Both Officer Glidden and Sergeant Vance then give multiple

---

[1] The State has not raised in this appeal, nor in the trial court, any arguments regarding the propriety of the submission and consideration of bodycam footage in the context of a Florida Rule of Criminal Procedure 3.190(c)(4) motion to dismiss.

verbal commands for Williamson to put his hands up, but Williamson does not comply. Instead, the footage depicts Williamson walking towards the officer while repeatedly raising and lowering his gun from a resting position by his leg, to a position parallel to the ground, to a position over his head. Williamson continues to act in this manner while still moving forward, in the direction of Officer Glidden. When the officers get close enough, Sergeant Vance knocks the gun out of Williamson's hand, and Officer Glidden tasers him in the back.

Ultimately, Williamson was secured, and Officer Glidden locked the gun in his patrol vehicle. At that point, Officer Glidden was able to identify the gun as an airsoft gun.

Following this incident, the State charged Williamson by information with one count each of aggravated assault with a deadly weapon (Count I) and resisting an officer without violence (Count II). Williamson filed a Motion to Dismiss Count I, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), arguing that the State could not establish a prima facie case of aggravated assault with a deadly weapon. In support, Williamson referred to the bodycam footage of the incident giving rise to Count I, arguing that an objective factual view of the bodycam recording left no material fact to be disputed because there was no evidence Williamson intentionally and

3

unlawfully threatened the officer. Williamson emphasized that "a witness' interpretation of events is not a material fact to be disputed."

In response to Williamson's motion, the State filed a traverse, asserting that there were material facts in dispute and that those facts did establish a prima facie case of aggravated assault. Specifically, the State asserted that Williamson's actions in "refusing to comply with lawful orders, brandishing a suspected firearm, and waiving [sic] and pointing that suspected firearm towards Officer Glidden while moving in his direction all comprise an overt act that the defendant, Mr. Williamson, intentionally and unlawfully threatened Officer Glidden."

At the hearing on the motion to dismiss, the parties stipulated to the admission of Officer Glidden's bodycam video. After viewing the video, the trial court labeled it a "close call" but determined the evidence failed to demonstrate an "overt act intended to place [Officer Glidden] specifically in fear." Instead, the trial court determined the evidence only supported the determination that Williamson intended to not comply with instructions. As a result, the trial court granted Williamson's motion to dismiss.

Rule 3.190(c)(4) "permits a defendant to move to dismiss a charge when '[t]here are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant." We review an

4

order granting a rule 3.190(c)(4) motion to dismiss de novo. *See State v. Paul*, 299 So. 3d 542, 544 (Fla. 5th DCA 2020).

In conducting our review, the State is entitled to the most favorable construction of the evidence with all inferences being resolved against the defendant. *Id.* In addition, we bear in mind that a trial judge may not try or determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses when considering a rule 3.190(c)(4) motion to dismiss. *Id.* (internal citations omitted).

In applying these principles, we first examine the elements required to establish a prima facie case. Pursuant to section 784.011(1), Florida Statutes (2021), an "assault" is "an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent." Section 784.021(1), Florida Statutes (2021), then defines "aggravated assault" as including assault "[w]ith a deadly weapon without intent to kill."

At issue in this appeal, as framed by the State, is whether the State's evidence was sufficient to establish a prima facie case of an intentional act. To satisfy the intent element of section 784.011, "the State must prove that the defendant did an act that was substantially certain to put the victim in

5

fear of imminent violence, not that the defendant had the intent to do violence to the victim." *Pinkney v. State*, 74 So. 3d 572, 576 (Fla. 2d DCA 2011); *see also Cambell v. State*, 37 So. 3d 948, 950 (Fla. 5th DCA 2010) ("The only intent inherent in the statutes is the intention to make a threat to do violence.").

Here, both the trial court and Williamson acknowledge that Officer Glidden was in fear, but Williamson argued, and the trial court determined, that what placed him in fear was the fact Williamson had a gun and was not listening, "as opposed to an overt act intended to place him specifically in fear." Specifically, Williamson argues that "brandishing and waiving [sic] an airsoft gun while within shooting range is not an overt act within the meaning of the assault statute sufficient to prove a prima facie case of assault." We disagree.

The evidence demonstrates that, despite a warning to vacate the premises and his awareness of Officer Glidden's presence, Williamson nevertheless pulls a gun out of his pocket and "brandishes" it about in the direction of the officer—while ignoring the officers' repeated commands—as he walks toward Officer Glidden's vicinity. When resolving all inferences deducible from each of these actions against Williamson, the evidence establishes a prima facie case of an overt act intended to threaten the officer.

6

*Compare Battles v. State*, 288 So. 2d 573 (Fla. 2d DCA 1974) (holding evidence was insufficient to support aggravated assault conviction where facts showed that defendant, who was leaving a supermarket following a robbery with a gun in his hand, dropped the gun when ordered to do so by police), *with State v. Wilson*, 276 So. 2d 45 (Fla. 1973) (determining facts showing defendant held pistol on victims in such a manner as to threaten the victims with violence supported instruction for assault). Indeed, the factual question that arises when viewing Williamson's actions is a question of intent. And that is precisely the type of question that should be left to the trier of fact. *State v. Avella*, 275 So. 3d 207 (Fla. 5th DCA 2019) ("[Q]uestions of motive, intent, or knowledge are generally not appropriately decided in a motion to dismiss, but instead are left to the trier of fact."). Contrary to the defense's argument, no additional "overt act" is legally required in order to demonstrate a prima facie case of guilt.

In sum, Williamson's brandishing of an apparent firearm, while moving toward Officer Glidden and ignoring commands, coupled with his proximity to Officer Glidden, creates a material issue of fact as to Williamson's intent. As a result, the trial court erred in granting Williamson's motion to dismiss. Accordingly, we reverse.

REVERSED and REMANDED.

7

TRAVER, J., concurs.
COHEN, J., concurs specially, with opinion.

COHEN, J., concurring specially.

I concur in the majority opinion in this case. Williamson filed a motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The State filed a traverse under rule 3.190(d). The State's traverse, with specificity, denied under oath the material fact or facts alleged in the motion to dismiss. Under the plain reading of the rule, the trial court should have denied the motion.

We do not address this in the majority opinion because the prosecutor, apparently unaware of the rule, never made that argument below, nor did the trial judge question the manner in which this motion was handled. Instead, the trial court conducted a mini-trial and resolved the material factual issue of whether Williamson's actions were an intentional act[1] supporting an aggravated assault with a deadly weapon charge. That is not the purpose of a motion to dismiss under rule 3.190(c)(4). See, e.g., State v. Kalogeropolous, 758 So. 2d 110, 111 (Fla. 2000). As the majority noted,

---

[1] Whether or not a jury ultimately concludes Williamson committed aggravated assault with a deadly weapon, having viewed the body cam footage, two observations are appropriate. First, Officer Glidden and Sergeant Vance conducted themselves with astounding restraint and discipline. Second, Williamson is fortunate to be alive.

when the State files a traverse which specifically denies any critical material facts or asserts additional materials facts which establish a prima facie case, a trial court may neither determine factual issues nor consider the weight of conflicting evidence or the credibility of witnesses when considering a rule 3.190(c)(4) motion to dismiss. See State v. Taylor, 16 So. 3d 997, 999 (Fla. 5th DCA 2009). While a general, conclusory or speculative response by the prosecution in its traverse is insufficient, such was not the case below. See id.